ALBANY,
Feb. 1807.

Barruso
v.
Madan.

## Barruso *against* Madan.

M covenanted to provide vessels and funds for certain mercantile expeditions, and B covenanted to select the goods, or send samples if necessary; and it was agreed between them, that if the first expedition was not sent out by M in 1 month after the date of the contract, it was to be ipso facto void; and the party in default, to pay all costs, damages, &c. In an action of covenant, on this agreement, brought by B against M, the declaration alleged, that the defendant did not provide vessels and funds, &c. but made default, &c. The defendant pleaded among other pleas, that the plaintiff did not, within one month from the date of the contract, choose or designate the goods requisite for the expedition, &c. and that after the expiration of one month,

THIS was an action of *covenant*. The declaration set forth a deed, containing several articles of agreement between the parties. The plaintiff is a Spanish merchant, and the defendant an inhabitant of *Havanna*. The plaintiff was authorised to ship several kinds of goods in Spanish or foreign vessels, to be imported into *Spanish South America*, under the conditions specified in the royal license assigned to him. The plaintiff agreed to enter into a co-partnership with the defendant, for the purpose of making four shipments to *Buenos Ayres;* and 1st. To transfer to such partnership all his powers under the royal license, and to send four American vessels to *Buenos Ayres*, to be freighted in the names of some respectable American houses, each vessel to be of the burthen of 300 tons, and laden with goods of a licit trade, and suitable to the *Buenos Ayres* market, to be chosen to the amount of 15,000 dollars for each vessel by the plaintiff, and not above 25,000 dollars at the first cost: the funds and vessel to be furnished by the defendant; the plaintiff also bound himself to make choice of the articles, or to send the samples, if necessary. 2d. The plaintiff agreed to obtain from the Spanish consul at *Boston*, all the requisite papers to secure the advantages of the *license*, and the defendant was to advance all the Spanish or royal duties there. 3d. The defendant agreed, that within a month from the date of the contract, the first expedition should proceed from *Boston* and the three others successively, with the interval of a

month ; and in case of default in not sending out the expeditions in this manner, the contract should be void, *ipso facto ;* so that if either expedition did not proceed in due time, the right to send it should cease, and the contract be valid only in regard to those which had gone on before the default.    In case of the default of either party, he was to pay all [*] costs, damages, expenses and interests, arising from such default, &c. &c.

The agreement contained various other articles and covenants as to the proceedings at *Buenos Ayres,* cargo to be shipped there for *Havanna,* papers to cover the property under an American name, goods to be taken in at the *Havanna,* to be shipped to the *United States,* consignees and commissions, and for the equal division of the profits of the undertaking, &c. &c. &c.    After receiving the whole agreement in the declaration, the plaintiff avers, that he well and truly performed all the covenants and agreements on his part to be performed, and that the defendant did not furnish any American vessels, &c. to be loaded at *Boston,* &c. and that the first of the vessels or expeditions did not sail from *Boston* at any time within one month, &c. but the defendant made default, &c. and so the defendant hath not kept his covenant, &c. to the damage, &c.

The defendant pleaded, 1st. *Non est factum.* 2d. *Non infregit conventionem.* 3d. That the plaintiff did not, at any time within one month from the date of the covenant, choose or select, or in any manner designate the merchandise suitable or necessary for the first of the said voyages or expeditions, &c. as he had covenanted to do, and concluding with a verification. 4th. That after the expiration of one month, from the date of the agreement, and before the plaintiff had performed what he had in and by the first article of the said agreement stipulated and covenanted to perform, the plaintiff, by a writing under his hand, and delivered to the defendant, declared the said deed or agreement to be null, so that

and before he had chosen or designated the goods, the plaintiff declared the contract void, so that the expedition could not proceed. On demurrer to these pleas, it was held, that the covenants were independant, and that B was not bound to select the goods before the vessel was provided by M, and that B was entitled to damages for the nonperformance of the contract on the part of M.

[* 146]

none of the expeditions could proceed, &c. concluding with a verification. To the *third* and *fourth* pleas there was a *general demurrer*, and joinder.·

*Pendleton*, in support of the demurrer. The covenants in this case are perfectly independent, and the failure of the plaintiff to select the goods, can be no excuse to the defendant, for not performing his covenant to provide the vessels. Where one party covenants to do a certain thing, he is bound to proceed in the performance as far [*147] as he is able, until he is prevented by the other. In the natural order and course of business, the defendant was to do. the first act, that is, to furnish a vessel; for it would be useless to select goods if there were no vessel ready to take them. The defendant was to provide the funds and vessels for the expeditions, and the plaintiff was to select the goods. It is true, that where there is a condition precedent, its performance must be averred. But unless there be a condition precedent, or concurrent acts to be performed, a non-performance by one party can never be alleged as an excuse for the default of the other.* Again, the plea does not answer the averment in the declaration, that the plaintiff might *send samples*. There being an alternative, *to select the goods or send* samples, the plea should have averred *that neither was performed*. Again, the contract is, that the plaintiff was to select the goods, or send the samples, *if necessary;* and the defendant, in his plea, should have alleged, that it was necessary. The fourth plea states, that after one .month from the date of the agreement, &c. the plaintiff, by a writing, declared the agreement null, &c. bu the agreement is, that if the defendant does not send the vessel within one month, then it should be void. It is absurd, therefore, to say, that the defendant could not send the vessel, because the plaintiff had declared the agreement void after the month. If there was a default as to the first expedition, the contract was to be void as to the others, and the defendant to pay damages for his non-performance.

* *Douglas*, 684. 3d edition.

*Riggs*, contra. In the order of time, according to the contract, the plaintiff was to do the first act, that is, select the goods, or furnish the samples. The defendant was not to make the purchase until the goods were designated. The plea states, that he did not choose nor designate the goods, which is tantamount to saying, that he neither selected them, nor sent samples, and is as broad as the averment in the declaration. The parties agreed, that if either of them made default, that the contract should be *ipso facto*, void. Now, can a contract, Made *ipso facto* void, by efflux of time, be the ground of an action ? The annulling of the contract is the [*] only penalty annexed, except that the defendant is to be answerable for the costs and damages incurred about the contract. The plaintiff, if he meant to avail himself of the third clause in the contract, should have alleged, that he had expended monies, had been put to certain costs and charges, and had sustained damages. The declaration is, in this respect, defective, and the rule of demurrers is, that the party first in default should have judgment against him. The least that can be said is, that the acts to be performed were concurrent acts ; and the plaintiff ought not to recover damages for the non-performance of an act by the defendant sooner than the plaintiff, who was bound to perform his act at the same time.

*Pendleton*, in reply. The acts to be performed by the parties were not concurrent, but distinct and independent. The defendant should have averred, that he had provided the vessels and funds, and could not proceed further because the plaintiff did not select the goods, or send samples. If the only penalty or consequence of non-performance on the part of the defendant was the avoidance of the contract, it would be giving him the option for one month, whether he would do any thing or not, which could never have been the intention of the parties. The party in default was to lose all the benefit of future expeditions, and the plaintiff reserved to

ALBANY,
Feb. 1807.

Barruso
v.
Madan.

[* 148]

Barruso
v.
Madan.

* *Term,* 645.

[* 149]

himself the right of claiming damages for the default of the defendant.

SPENCER, J. delivered the opinion of the court. The validity of the first plea depends upon this fact, whether, from the contract, it was necessary that the plaintiff should select or designate the merchandise, suitable for the enterprize, before the defendant provided the vessel. The defendant's counsel insist that the selection of the goods was a condition precedent.* With respect to such conditions, it is true, that no technical words are requisite to render a stipulation a condition precedent or subsequent, nor does it depend on the position of words, but it rests on the good sense and plain understanding of the contract, and the acts to be performed by the parties respectively. [*] Testing this plea, and the covenant it refers to, by these rules, I cannot say that the selection of the goods was to be an antecedent act. The selection of the goods would be nugatory without a vessel to transport them. The defendant's act was the first in order of time, and it was incumbent on him to have alleged that he had provided a vessel within the month, which could not proceed, because the plaintiff had failed in his part of the contract ; the selection of the goods was not an act necessary to be done before the vessel was furnished, and is therefore an independent covenant. This plea, which puts the defence on the ground that it was a dependent covenant, cannot be supported.

The 4th plea is manifestly bad. The defendant attempts to excuse himself for not fitting out the first vessel, by an act posterior to the time when it should have been ready. The writing declaring the contract to be null, was an unnecessary act, because the contract itself contained that provision ; still it reserves the right to prosecute for damages, and this writing does not take away that right ; it is merely an affirmace of the provision in the agreement.

It was urged, on the argument, that the particular da-

mages sustained by the plaintiff should have been alleged in the declaration, and that not being done, the first fault in pleading originated with him, and of course he could not have judgment. The damages sustained are matter of evidence, and need not be alleged, nor are they scarcely ever stated, but in a general manner. We are therefore of opinion, that the plaintiff is entitled to judgment.