9 U.S. 257
 5 Cranch 257
 3 L.Ed. 94
 THE UNITED STATES
v.
JOHN ARTHUR AND ROBERT PATTERSON.
 February Term, 1809
 
 ERROR to the Kentucky district court of the United States, in an action of debt on a bond for 6,000 dollars.
 The capias ad respondendum issued on the 28th of June, 1803, returnable to the first Monday of July in the same year, and was served on the 30th of June.
 The declaration was in the usual form of an action of debt for the penalty of the bond with a profert, but without setting forth its condition or any breach thereof.
 The defendants, without praying oyer, pleaded as follows: 'And the defendants, by their attorneys, come and defend the wrong and injury when and where, &c. and for plea say they have well and truly kept and performed, and have faithfully executed and discharged, all and singular the duties enjoined on them by the laws of the United States, and the conditions in the writing obligatory in the declaration mentioned, and this they are ready to verify,' & c.
 The plaintiffs replied, that they ought not to be barred, &c. because they say 'that the said defendants have not well and truly kept the several conditions in the said writing obligatory, as they in pleading have alleged, but have broken the same in this, to wit, that the said John Arthur, although duly appointed to the office of collector of the revenue for the first division of the first survey of the district of Ohio, as stated in the said condition, had not, at the time of executing the said writing obligatory, executed and discharged, nor after the execution thereof, did he continue to execute and discharge faithfully all the duties of said office; and also failed to settle his accounts with the proper officer according to law for more than six months previous to the institution of this suit, and also failed to pay over to the proper officer the duties which were collected, or the duties which by law, and the accounts rendered by the said John, he was bound to collect and pay over; and is in arrear to the said United States in the sum of sixteen thousand, one hundred and eighty one dollars and fifteen cents, due from and unpaid by him in his said office of collector as aforesaid; and this the said plaintiffs pray may be inquired of by the country.'
 To this replication the defendants demurred specially, 'Because this suit is prosecuted under the 14th section of the act of congress passed in the month of July, 1798, c. 88. entitled, 'An act to regulate and fix the compensation of the officers employed in collecting the internal revenues of the United States, and to ensure more effectually the settlement of their accounts,' which section is in the following words, to wit: 'The bond of any supervisor or other officer of the revenue, who shall neglect or refuse, for more than six months, to make up and render to the proper officer, his accounts of all duties collected or secured, pursuant to such forms and regulations as have been, or shall be, prescribed, according to law, or to verify such accounts on oath or affirmation, if thereto required, or to pay over the moneys which shall have been collected, shall be deemed forfeited, and judgment thereon shall and may be taken at the return term on motion, to be made in open court, by the attorney of the United States, unless sufficient cause to the contrary be shown to, and allowed by, the court; provided always, that the writ or process in such case shall have been executed at least fourteen days before the return day thereof;'
 'And the plaintiffs, in assigning the breach in the following words, to wit, 'And also failed to pay over to the proper officer the duties which were collected, or the duties which by law, and by the accounts rendered by the said John, he was bound to collect and pay over,' have assigned the said breach neither within the letter nor the meaning of the said section of the said act of congress; but the same is calculated to charge the said defendants with the amount of the duties due within the said first division of the first survey of the district of Ohio, whether the same is collected or secured, or not, or whether they could or might have been collected or not.'
 This demurrer being joined, the judgment of the court below was in favour of the defendants; and the United States brought their writ of error.
 Rodney, Attorney-General, for the United States.
 Whether the replication be good, or not, the defendants have committed the first error in pleading, and therefore the judgment of the court below ought to have been against them. The plea is bad for want of oyer of the bond, and of the condition, the performance of which is pleaded; as in the case of Wallace v. The Duchess of Cumberland, 4 Term Rep. 370. where the defendant, after praying oyer of the bond and condition, omitted to set forth the recital which preceded the condition; and the court said that the plaintiff might have signed judgment as for want of a plea.
 But the replication is good in substance; and if it contain more than is necessary, the surplusage will not vitiate it. 4 Dal. 440. A replication may be bad in part, but good upon the whole. This replication states matter sufficient to entitle the plaintiffs to maintain an action upon the bond; and even if it afterwards state something which is inaccurate, it will not vitiate the whole. 3 Term Rep. 376. Duffield v. Scott. Buller's opinion. The breach need not be assigned in the words of the condition. It is sufficient if a substantial breach be set forth. Doug. 367. Esp. N. P. 209.
 A demurrer admits all matters of fact although informally pleaded, if the right of the matter sufficiently appears. 1 Tidd's Prac. 649. (London edit.) Hob. 233.
 The action is not necessarily brought under the 14th section of the act of July, 1798. That section does not prevent the United States from bringing actions in any other manner.
 Pope contra.
 The first error is in the declaration. No action can be maintained upon an official bond, until the condition be broken; and unless the declaration show the condition to be broken, it shows to cause of action in the United States. The act of congress only authorizes a suit to be brought upon such a bond when the obligor has failed in his official duty, and such failure is a part of the plaintiff's title to sue.
 In the case of Stoddert v. M'Clanaghan, in the court of appeals of Kentucky, Sneed's Cases, 359. the court said, as the plaintiff could only sue in his own name, upon a bond given to the governor, by virtue of the act of assembly which gives a right of action upon such a bond to a person injured, the plaintiff ought in his declaration to have averred himself to be a person injured; otherwise he does not show a title in himself to sue.
 LIVINGSTON, J. How does it appear that this is an official bond, and not a bond for a debt simply?
 
 
 1
 Pope. The bond of a public officer upon which a suit is brought is always a part of the record.
 
 
 2
 Rodney, in reply.
 
 
 3
 This case is not like that of Stoddert and M'Clanaghan. In that case the name of the plaintiff did not appear in the bond, and the only fact which could give him a right to sue upon the bond was that he was a person injured. But in the present case the plaintiffs are the obligees of the bond, and the defendants under their hands and seals have acknowledged themselves to stand indebted to the plaintiffs in the amount of the penalty of the bond. If they would take advantage of the condition of the bond they must show it.
 
 February 24.
 
 4
 MARSHALL, Ch. J. delivered the opinion of the court, to the following effect:
 
 
 5
 If this case depended upon the replication, the judgment of the court must be in favour of the defendants. It is certainly bad, inasmuch as it charges the defendants with moneys not collected. But upon a demurrer the judgment is to be against the party who committed the first error in pleading.
 
 
 6
 The want of oyer is a fatal defect in the plea of the defendants; and the court cannot look at any subsequent proceeding. The plea was bad when pleaded. The judgment must be reversed, and the cause remanded for further proceedings.
 
 
 7
 Judgment reversed.