Taylor, Chief Justice.
This isa motion o¡¡ Use pari; os' the Defendants, for a new trial, on the ground of misdirection in the Court, which is alleged io have occurred on one point, via. in refusing to instruct the Jury, that the Plaintiffs were not entitled io recover for the infant Nancy, her proportion of the mine of the ms;ro «laves, because Hickey never received them as guardian, but as executor in right, of his wife, or as legatee.
Another exception taken at the trial below, was, that she bond was wade payable to the Ptebdlilb and the other .'Justices of Crange County, whereas the act of 1762 requires a guardián bond to he made payable to the Justices present in Court, and granting such guardianship, Ore survivor or survivors of the®, tiréis* executors or administrators, in trust for the benefit oí toe orphan.
An exception was also taken, on the argument in this Court, that the damages assessed by the Jury, exceed these laid in the declaration or wsi'« which are only on*-. *512 hundred pounds, and that, for this cause, the judgment should be reversed.
1. The condition of the bond, hinds the guardian faithfully to execute his guardianship, by securing and improving the estate of the ward that shall come to his possession for her benefit, until she shall arrive at full age, or be sooner thereto required, and then render a true and plain account of his guardianship on oath, &c. I admit that this condition ought to receive a natural and reasonable construction, and should not be strained beyond its genuine import, for the purpose of charging the securities. The force of the argument on behalf of the defendants lies in this, that Dickey never was possessed of the negroes as guardian, but as executor in right of his wife; and although eloigning the property would have amounted to a breach of such condition, if he had given bond as executor, yet it does not in his character of guardian. But by what evidence is the Court to ascertain that he held the property as executor; for the testator does not direct his executors to keep the slaves, but only that “ they shall be kept together.” Every one acting in a trust of this kind, shall be presumed, prime fade, to have done his duty ; and as the law requires at? executor to deliver over the property, at the end of two years after the death of the testator, to such persons as the will authorises to receive itan executor who is also guardian to one of the orphans, having possession of the property at the end of eight years, must be intended to held it in the latter character. It i-, not an answer to this to say, that here the property could not be divided until one of the children came of age, and, consequently, could not be delivered over ; for, as the negroes were to he kept together, they must necessarily be kept by some one person ; and who so proper to take such a charge, in the silence of the will, as the guardian to one of the orphans, who is married to their mother ? On the strict *513 ground of right, too, this possession might be maintain-sel ; the legatees were, ail tenants in common j any one liad as much right to the possession as another, and having obtained it, could not be. interrupted until the period arrived for dividing the property. As the testator apr * his wife one of the two executors of his wiil, it us reasonable to expect, that the negroes should be kept '¡«gether by her, as executrix, so long as it was lawful to (Main them in that character, via. two years, and íh.ií after that period, oho would become guardian to the children, and keep them together as suds, till one of them ramo of age or married. The reason then is much stronger, for considering Dickey’s possession as that of a guardian than an executor, and the condition of the bond is consequently broken, if Nancy Shutt, the orphan, had a vested legacy in her share. On this point, the intention of the testator scarcely admits of a doubt. The negroes are to be kept together, till one child ar-mes at 91 or marries, and then, are to he divided between his wife, and children. This-must have hocen for the use and benefit of his wife and children, in the mean time, for they could be but little benefited by the other devises and bequests of the house, cattle and horses, unless they had also servants to take care of them. He considered the negroes as belonging to his wife and children immediately upon his death, though the particular share of each one was not to be ascertained, until the period prescribed. This is also shewn by another clause in the will. The second clause provides, that the ne-groes shall be divided, when ids children come of age, but probably thinking that this inode of expression might postpone the division, till they ail arrived at age, while each one would require his or her sisare, as he or she came of age or married, the testator adds another clause, that whenever one of his children arrives at full age or marries,44 that his or her share of my estate be divided to him ox* her immediately.”
*514 In the preceding parts of the- will, he had given nu thing to his children, except the negroes and a share of the stock, if his wife should think proper to dispose of any $ and it is to be inferred that, in speaking of their share of his estate, ho principally and emphatically means his negroes. Taking the whole will together, and considering that the only legatees in it were his wife and children, who were also residuary legatees, it admits of the same construction as if he had left the negroes to be kept together by his wife, for the benefit of the family, until one of hie children should arrive at age or be married, when it was to be divided between them and his wife, thereby dis:ani;c.\:lng the time of division from the substance, of the- legacy. This would place the wife in the situation of a testamentary guardian for the children. —(Cro. Eliz. 252.) A devise to trustees till A shall attain the age of 24, and., when he shall attain that age to him in fee, gives him a nested interest, which will descend to bis heirs though he die before 24. — (Doe v Lea — 3 Term Rep. 41.)
From the coiK-draeiton of the will and the authority of the cases, 5 think that the orphan had a vested interest in her share of the negroes.
2. In support of the second exception, it is urged that the other Justices of Orange to whom the bond is made payable, ought to have joined in the suit, and authorities have been read to shew, that where there are several obligees, and one or more of them brings the action without averring in the declaration the death of the others, it is fatal. The rule is well established, that in all cases of contract, if it appear on the face of the pleadings that there are other obligees or parties to the contract, who ought to be, hut are not joined in the action, it is fatal on demurrer or on motion in arrest of judgment, or in error. — (1 Bos. and Puller 74.) If the objection do not appear on the face of the pleadings, the defendant may avail himself of it, either by plea in abatement, or as *515 gvaniA oí' nonsuit on ihe tidal, upon the plea. of general issue. — (1 Saund. 153, No. 1.) Then the Srst question is;, does this objection appear on the f*«.< e of the plead-iugsi 7’}>c wilt is brought in the uciae of the Justices to whom the bond vra« payable, without íeiting any notice of the others, whose names arc- r,o< iutmiuned in the bond. The declaration musí, ho prer.iSMcd to follow the writ, and It therefore makes a proferí of the bond as it is there described £ the defendant has not pleaded non esÍ jdtknr, hut performance, aim he cowxyuenily admits that he :f;s;ve siidi a bond as is described in the declaration. And ibo Jury were sworn to try «'be fosee, whether tine defendants had performed the condition, or paid the iao* r»ey demanded. Though profert be, mswUj of a deed, yet if oyer is not prayed, ike deed is not cciK.idercd to be oa the record : and If the defence fee iainjded upon any objection to the form» of the lend, and the defect do not a?.»j,ro?r sipón the face of the declaration, ojor must be r^itd, and after setting forth the band, the defendant íiury (Amcr,--(2 Ed. Raymond, 1135 — 2 Saund. 60, n. 3 - 363, no. 1.) So in pleading payment or performance oí the condition of a bond, t!ie defendant should set forth tie condition after craving oyer.- — (1 Saund. 317, n. 2.) rad the want of oyer in a plea of performance, is fatal.— (5 Cranch, 257.) it w as argued that the mode of declaring upon bonds with collateral conditions, in the Cono n commended by modern writers, fjpreads the bond on Use record nut ob visites the necessity of playing oyer. —-(l Saund. 51.) But tlie ibrm of declaring, a3.eKhibited in the best precedents, shewn that only the condition, of the. bond is set forth and the, breaches thereof., — (2 Chitty's Plead. 163.) It is perfectly clear then, that this ob • jeeiidh dors not appear on the face of the record, and crjstiot therefore be availed of on demurrer, on motion in arrecí; of judgment or on error. The only other me ‘hods by which it could fee taken advantage of, were by jfca is «hatemeB^ er as ground of nonsuit in the trial. *516 upon the plea of non est factum, as a variance between the deed declared on and tiie one given in evidence.
3. Before the statute 8 and 9, W. 3, ch. 11, the plaintiffs recovered the penalty of the bond, and might take out execution for it, without regard to the real damage sustained; but since that statute, lie must assign his breaches, and the jury must, assess damages for such as are proved to be broken. To the extent of the penalty the obligee may recover damages for a breach of the eon* dition, though, the same judgment is entered on the verdict as before the statute, viz. to recover the debt and nominal damages for the detention of it, and costs. The execution still issues for the amount of the judgment, but is endorsed to levy only the amount of the damages assessed for breach of the condition, together with the costs. It cannot therefore, be of any moment, what damages are laid in the declaration and writ, whether they are nominal or otherwise, provided the damages assessed by the Jury, do not exceed the amount of the penalty. Mere they are less than the penalty, and though the law is greatly beneficial to Defendants, it still considers the judgment as a security for the damages assessed. — (2 Wash. 143.)
Henderson, Judge.
'When an action is brought upon a deed, a proferí of it is made of course, the deed remains in Court until plea pleaded, it is then withdrawn, unless it, be denied, and, then it is left in the office for safe, custody only. No vestige of the deed appears upon the record, but as the Plaintiff 1ms described it in his declaration, if for. any purpose, either to shew a variance between the deed, as described in the declaration, and the one offered under proferí, or of availing the Defendant of any matter contained in the deed, the party must crave oyer. It is then spread upon the record, and the Defendant may demur for variance, or take hold of any other matter contained in the deed for his defence ¿ bat* *517 should lio «mil to crave oyer, lie takes the deed to be as stated in the Plaintiff’s declaration. There being? no declaration in this case, it is presumed that it is conformable to the writ, and if so, the bond is taken agreeably to law. In this case, strictly speaking, if the declaration should be according to ancient form, that is, upon the penalty only-, the. Defendant having omitted to crave oyer of the condition, the plea of covenants performed, or conditions performed, is a nullity, or no answer to the Plaintiff’s demand; it not appearing to the Court that there was any condition to the bond, or any covenants lo be performed, lint, perhaps, it is the fairer way to consider the declaration as setting forth both the penalty and condition, and as assigning breaches of the condition, yet, as oyer, neither of the one or the oilier, has been craved, we must take the bond and condition, as stated in the declaration ; and, as we have before said,, that is presumed to be conformable to the writ, and in this view of the case the result will be the same.
The, general issue not being pleaded in this case, the Plaintiffs we,re riot compelled to produce the bond opon the. trial, and if the Defendants failed to support llieiy jileas by evidence, a verdict would have been found for the Plaintiff, and judgment rendered thereon, without the Court eves' having had an opportunity of comparing-the deed sued on, with the declaration, and thereby per-* eeiving the variance, if there be one.
It follows from tills, that as lúe obligees named in the writ are those prescribed by the act of 1762, to whom such bonds are directed to be made payable, and wc cannot perceive from the record that there are others, the judgment is not therefore, on this account, erroneous.
It is objected on the merits of the cause, that Ihe condition of this bond has not been violated. Th« parties agree in the words of the condition; (hey are, that whereas, the. said Hickey has been appointed guardian to th$ minor named in the conditio», now if the said *518 Dickey, shall well and truly perform his office of guardian, by securing and improving the. estate of his ward, which shall come, to his possession, then, &c. The Defendants, who are Dickey’s securities only, allege that the slaves never came to Ms possession, as guardian j the interest of the ward, as they allege, being future anil contingent; and not vested. This, although it woo’d not be a defence for Dickey himself, when brought to an account, nor for the securities, had the guardian bond been drawn as it ought to have been, for if ip his duty to guard the interest of his ward, w bother vested or contingent/ yet? as 'the securities are, no farther hound than by their contract, and that only binds them that Dickey shall discharge his duty as guardian, by improving and securing the estate of his ward, which shall come to his possession, it becomes necessary to examine whether the slaves in question, ever came to Ids possession / and this depends upon the true construction of Shaft’s will. 3y the third clause of the will, the testator directs that his negroes shall be kept together until his children arrive at full age, or marry, and then to be divided between his wife and children. Another clause of the will directs, that whenever one of his childen arrives at full age, or marries, that his or her share of the estate, be delh'erccl to him or her ini mediately. These two plausos, ti\hqn together, convey r vested, and not barely a future or contingent interest. There is no disposition of them in the, mean time to any other person. The right of the execu• tors to the undisposed property of their testator, is, by our law, taken from them, and it cannot therefore he said, that the executors were entitled, until the time of the division arrived $ therefore, after the trusts of the, will were performed by the executors, and making the division was not one of those trusts, the children could have compelled them to have assented to their legacies, although they could not have compelled a division among themselves, until the period arrived prescribed for that *519 purpose in íheir father’s will. Independent of ibis, I tiiluk it was a present gift, (o be immediately enjoyed by them, and the division postponed to prevent inequality in the shares of the children, whom they were about to enter into life, or for some other motive, which the testa-for deemed a sudkicwi; one. Thai Dickey, having the negroes in his possession, as executor in right of his wife, after the time allowed by law for the performance of the trusts of the will, by being' appointed guardia?! to the child, he, ipso facto, became possessed of the slaves in biff capacity of guardian.
As to the excesoivcnesa of the damages, I think that question was fairly left to the Jury, whether it was a total or a partial loss. As to the damages being greater than those which were laid in the writ, S think diere is ho error, for the reasons assigned by my brothers,• The Statute 81 h and 9<h of Win. 3, docs not require that there should be an alteration in laying the damages, for at law, by a breach of the condition, the penalty becomes the debt j the damages demanded in the writ are merely nominal $ the damages found for the breaches of the condition, are only directory as to the sum to ho raised’by the execution, and a substitution for the penally of the bond, and, therefore, it is said, they cannot exceed it. And I consider the precedents relied on in 2 Chilly’s Pleadings, to be merely matter of ad vice, for greater certainty. No adjudged case Isas been produced! to support the objection, and l am confident the cases are the other way.
link for s new trial discharged.