## ROGERS vs. LYNDS.

In *summary proceedings* under the statute, against tenants for the non-pay-
ment of rent, the fact that satisfaction of the rent cannot be obtained by dis-
tress may be shown by affidavit; it is not necessary to resort to an actual
distress for the purpose.

The affidavit should name the person of whom the rent is demanded; but
though defective in this particular, if stated that the demand was made
upon the land, it is sufficient to give *jurisdiction* to the officer, and the de-
fect cannot be objected collaterally; the remedy, if any, is by *certiorari*.

A *demand of rent* may be made of the tenant in possession, and *it seems* that
the notice requiring payment or a surrender of the premises may be served
upon him, although he be not the *lessee* or *assignee*.

It is not necessary that there should be both a demand of rent and a notice
requiring payment or a surrender.

THIS was an action of *ejectment*, tried at the Onondaga
circuit in March, 1834.

The plaintiff claimed to recover several village lots in
Syracuse, under a *lease* executed to him by William James
and Isaiah Townsend on the 1st June, 1825, for the term
of *nine years* from the day of the date of the lease, sub-
ject to an annual rent of forty dollars.   The defence set
up was that on the 24th January, 1832, the *lessors* were
put into possession of the premises by virtue of *summary
proceedings* had under the statute for the non-payment of
the rent, and that on the 1st February, 1832, the *lessors*
demised the premises to the defendant, by virtue of which
he entered into possession.   The defendant produced the
*affidavit* of the agent of *James* and *Townsend*, made on
the 18th January, 1832, stating that on the 1st May pre-
ceding, the sum of $112,81 was due as a balance of three

years rent; that on the 7th January, he went on the demised premises and demanded the rent due; that from an examination of property on the premises, he was convinced and fully believed that satisfaction of the rent due could not be made by distress. He further stated, that on the 17th January he served a notice of the rent due, and a demand of payment, or in default thereof requiring possession of the premises to be delivered to the lessors within three days; and concluding by stating that the rent had not been paid, nor had the possession been delivered to the lessors, but that the same was still held under the lease by a number of families residing on the premises. The defendant also read in evidence a *summons* issued by a judge of the Onondaga common pleas, directed to *John Rogers*, (the plaintiff in this cause,) and to every and all person or persons in possession of the demised premises, requiring them forthwith to remove from the premises, or to show cause on the 21st January why possession should not be delivered to the lessors; which summons was dated on the 18th day of January, and on the same day served on a number of persons in possession of the premises, *but was not served on the plaintiff.* It however was served on *W. Kirkpatrick*, to whom on the 24th October, 1829, the plaintiff assigned the lease by way of mortgage, for the sum of $247,28, and who was authorized to receive the rents until the mortgage debt was paid. On the 21st January the judge issued his warrant for the removal of *Kirkpatrick* and all other persons from the premises, which was executed on the 24th January. The plaintiff objected that the *affidavit* was not sufficient to give the judge *jurisdiction* of the matter in reference to the summary proceedings, and produced an instrument from the administratrix of Kirkpatrick, re-assigning the lease to the plaintiff, bearing date the 10th April, 1833. The action in this case was commenced in July, 1833. The judge charged the jury that the proceedings under the statute were legal; that Kirkpatrick and the tenants in possession under him were the proper persons to whom to give notice, and were proper parties to the proceedings. The jury found for the defendant. The plaintiff moved for a new trial.

*Z. T. Newcomb,* for the plaintiff, insisted that the affidavit on which the summons was founded is insufficient to show that there was not property to countervail the rent; that fact, he contended, could be proved only by the issuing and return of a distress warrant. It is defective also in not showing a demand of the rent of *Rogers,* or his assignee *Kirkpatrick :* it is only alleged that the rent was demanded on the premises ; but of whom or how demanded is not shown. Nor is it stated on whom the notice requiring payment or a surrender of the premises was served. The judge therefore did not acquire jurisdiction in the matter. The proceedings also were illegal and void, inasmuch as the summons, though directed to *Rogers,* was not served upon him ; nor did he appear before the judge. He was the only person *owing* the rent, within the meaning of the statute. The assignment by way of mortgage to Kirkpatrick did not divest his legal estate.

*J. Wilkinson,* for the defendant. It was not necessary to issue a distress warrant to ascertain whether there was property to satisfy the rent. The language of the act allowing a re-entry by ejectment for the non-payment of rent, 2 *R. S.* 505, § 30, is substantially the same as that used in this case ; and it never has been held that before bringing ejectment there should be a distress. The proceedings were properly had against Kirkpatrick and the persons in possession : the remedy being given by statute against the lessee, his assigns, under-tenants or legal representatives. 2 *R. S.* 215, § 28. Kirkpatrick was the assignee of Rogers, and the persons in possession were under-tenants and *owed* the rent. If there was any error in the summary proceedings, the remedy of the party was by *certiorari,* and until reversed they are conclusive.

*By the Court,* Sutherland, J. The objections of the plaintiff to the affidavit upon which the summary proceedings were had, arise under the following provision of the statute : " Where such person shall hold over (without permission) after any default in the payment of rent, pursuant to the agreement under which such premises are held, *and satisfaction of such rent cannot be obtained by distress of any goods,* and a de.

mand of such rent shall have been made, or three days notice in writing, requiring the payment of such rent or the possession of the premises, shall have been served by the person entitled to such rent *on the person owing the same,* in the manner prescribed for the service of the summons in the 32d section of this title," &c. 2 *R. S.* 513, § 28, *sub.* 2. The fact that satisfaction of the rent cannot be obtained by distress, may be shown by affidavit; it is not necessary to resort to an actual distress for the purpose. The language is substantially the same with that which is used in the section which authorizes an action of ejectment for the non-payment of rent, 2 *R. S.* 505, § 30 : " Whenever any half year's rent or more shall be in arrear from any tenant to his landlord, and no sufficient distress can be found on the premises, to satisfy the rent due," &c. The uniform practice has been, under this section, to make affidavit of the fact, that no sufficient distress could be found to countervail the arrears of rent; and I am not aware that the propriety of this practice has been questioned. *Vide* 9 *Wendell*, 147.

As to the demand of rent, the affidavit of the agent states, that he went on the premises and demanded, on behalf of James and Townsend, the rent due on the lease, but does not state of whom the demand was made ; but it is perhaps necessarily implied that it was made of the tenants in possession. Nor does the affidavit state on whom the notice requiring the payment of the rent, or that the possession of the premises be delivered up, was served. The act requires that it should be served on the *person owing the rent.* The affidavit should have been more specific in both these respects. The act does not specify of whom the rent shall be demanded; but the 28th section authorizes the tenant, or lessee, or the assigns, under-tenants or representatives of the tenant or lessee, to be removed. The tenant in possession would probably fall under the description of an under-tenant, if he were not assignee ; and I think a demand of the rent from the tenant in possession is sufficient; and he probably would be considered the person owing the rent within the provision of the act, upon whom this notice should be served. But if the rent was properly demanded, there was no necessity for serving a no-

tice. The act is in the alternative. The rent must be demanded *or* three day's notice in writing, requiring payment, given. It is not necessary to do both. It is very possible that upon *certiorari* the affidavit might not have been held sufficient; but the only question here is, whether it was sufficent to give jurisdiction of the subject matter to the judge. I am inclined to think it was.

The 43d section provides, that whenever a warrant shall be issued for the removal of any tenant from any demised premises, the contract or agreement for the use of the premises, if any such exists, and the relation of landlord and tenant between the parties, shall be deemed to be cancelled and annulled. The plaintiff's lease was of course terminated by the proceedings under this act, as much so as though it had been voluntarily cancelled and surrendered by the parties. The plaintiff therefore showed no title to premises in question.

New trial denied.