*D. Rorer*, for defendant.

———•◆•———

WILE & FEAR <i>v.</i> MATHERSON.

Where a statute of limitations is pleaded, which cannot operate as a bar to the action, and a replication is filed, that one of the joint debtors had promised payment within six years, to which replication, defendant demurred; it was held, that the demurrer related back to the first mistake in pleading, and that plaintiff was entitled to judgment on the demurrer.

<i>Error to Des Moines District Court.</i>

*Opinion by* KINNEY, J. This was an action brought by the defendant in error against the plaintiff in error, upon the record of a judgment from the supreme court of Cincinnati. The defendants pleaded first, *nul tiel record;* and second, the statute of limitation.

The plaintiff replied in short to the first plea; and as to the second, sets up a promise of payment on the part of Fear, one of the defendants, within six years prior to the commencement of the suit. To the second replication as to the promise of payment, the defendants demurred. The demurrer was overruled and the defendants required to rejoin to the replication, They then withdrew the plea of *nul tiel record*, and having failed to rejoin to the plaintiff's replication to the second plea, a judgment was rendered against them; to reverse which, they sued out a writ of error, and assign the decision of the court, overruling their demurrer, for error.

It was contended at some length in the argument, that a promise of one partner or joint debtor, would not take the case out of the statute of limitations as to the co-partner or joint debtor, and hence that the demurrer to the replication to the plea of the statute of limitations, setting up a promise of one of the defendants, was improperly overruled.

The plea in this case was of no avail, according to the decisions of this court in the case of *Norris* v. *Slaughter*, 1 G. Greene 338; and *Forsyth v. Ripley*, (*a*).

When the statute of limitations was set up by the plea as a defense, there was no such statute in force, and consequently could not be pleaded as a defense to the action. Various statutes of limitations had existed, but as the time prescribed for the limitation of actions had never run under any one of them, in consequence of their repeal, without a saving clause as to pre-existing contracts; and as the repealing statutes were not rotroactive by express enactment, it was decided that these statutes could not apply to contracts which had run a part of the time under them, as prior laws. Hence the plea in this case is bad; so also was the replication of the plaintiff, setting up a promise to pay by one of the defendants.

The defendants were legally bound to pay the debt with-

(*a*) Ante 181.

out such subsequent promise. As the debt was not barred, a promise to pay was unnecessary; as without it, the plaintiff was entitled to recover. The defendants therefore, with a bad plea, demurred to a bad replication. The demurrer looks back to the plea, and if the plea was bad, they are not in a situation to object to a bad replication. The first fault in pleading having originated with them, they were not entitled to judgment upon the demurrer; as a bad replication was good enough for a bad plea.

The plea being bad, and the demurrer relating back to the first mistake in pleading, the plaintiff was entitled to a judgment, as the first error was committed by the defendants. *Barruss* v. *Maden*, 2 John. 145; *Bennett* v. *Irwin*, 3 *ib.* 363; *Allen* v. *Crawford*, 7 Cow. 46; *United States* v. *Arthur et al.*, 5 Cranch 257; 8 East. 442; 11 Johnson, 482, 583, 587. As the plea therefore in this case was bad, we think the court were right in rendering a judgment in favor of the plaintiff; and although that court may assign a wrong reason for the judgment, yet if the judgment is right, this court will not reverse.

In this view of the case, the question whether the promise of one joint debtor or joint partner, will take the case out of the statute of limitations, as to the co-debtor or partner, cannot well be raised, and therefore cannot be decided.

Judgment affirmed.

*J. C. Hall* and *D. Rorer*, for plaintiffs in error.

*Grimes & Starr*, for defendant.