LOUISA A. ROE et al., Administrators, etc., Appellants, *v.* JAMES F. CONWAY, Impleaded, etc., Respondent.

Plaintiffs executed to defendants a lease, under seal, of certain premises for the term of ten years from May 1. By the terms of the lease, defendants, aside from the rent reserved, agreed to pay all taxes imposed upon the premises, and to make all necessary repairs. In March, 1875, the plaintiffs' agent executed a written instrument, declaring the lease to be " canceled and surrendered as of the 1st day of April, 1875," and defendants surrendered possession. In an action for a breach of the covenant to pay taxes and to make necessary repairs. *Held,* that the release reserved the rights of the parties up to April first, and for any breach of the covenant occurring prior to that time defendants were liable ; and that it was immaterial that the action was not brought until after.

As to whether a lease under seal can be canceled and surrendered by a writing not under seal, *quære*.

*Fullager* v. *Reville* (3 Hun, 600); *Beach* v. *Endress* (51 Barb., 570); *Utley* v. *Healey* (1 Cow., 345), distinguished.

(Submitted April 26, 1878; decided June 21, 1878.)

APPEAL from judgment of the General Term of the Court of Common Pleas of the city and county of New York in favor of defendants, entered upon an order overruling plaintiffs' exceptions and directing judgment on a verdict.

This action was brought to recover damages for an alleged breach by defendants of a covenant in a lease.

The lease in question, which was under seal, was executed by plaintiffs, as lessors, who leased to defendants certain premises in New York for the term of ten years, for a specified rent, payable in monthly installments. The lessees aside from the rent reserved covenanted to " pay and discharge all taxes, water rates and charges imposed or levied upon said premises during said term ; " also, that they would " make all ordinary, necessary and proper repairs to the buildings upon said premises."

In April, 1875, plaintiffs' agent agreed to terminate the lease, and executed a writing, stating that the lease " is canceled and surrendered as of the 1st of April, 1875," and defendants surrendered possession.

The agent, upon making search thereafter, found that the taxes for the years the lease had run, and an assessment upon the premises, had not been paid, they were paid by plaintiffs, who also paid a large amount for repairs.

The court, on trial, held that any liability therefor on the part of defendants was extinguished by the agreement of April, 1875, and directed a verdict for defendants, to which plaintiffs' counsel duly excepted.

Exceptions were ordered to be heard, at first instance, at General Term.

*John J. Macklin*, for appellants. Plaintiffs have a good cause of action, notwithstanding the agreement of cancella-

tion and surrender. (*Wilson* v. *Martin*, 1 Den., 604; 2 Pars. on Con., 517, 519; *Smith* v. *Tyler*, 2 Hill, 648; *Herick* v. *Malin*, 22 Wend., 391, 392; Taylor's Landlord and Tenant, § 511; *Lord Ward* v. *Lumley*, 5 H. & N., 87, 656.) The intent of that agreement was to terminate the relation of landlord and tenant. (2 R. S., 532, § 43; *Rogers* v. *Lynds*, 14 Wend., 172; *Johnson* v. *Oppenheimer*, 55 N. Y., 280, 293; *Brown* v. *Lyon*, 6 id., 420; 2 Pars. on Con., 495, 501.) The agreement and acts of the parties at most constituted a surrender by act or operation of law. (2 R. S., 139, § 36; Taylor's Landlord and Tenant, § 511.) The relation of landlord and tenant continued as to any liability arising from any prior breach of the lease, and is not affected by the surrender. (*Sperry* v. *Muller*, 8 N. Y., 336; Taylor's Landlord and Tenant, § 518.) The agreement was void because without consideration and not under seal. (Chitty on Con., 25; *Freeman* v. *Freeman*, 43 N. Y., 34–39; *Powell* v. *Brown*, 3 J. R., 100–104; *Converse* v. *Kellogg*, 7 Barb., 59; *Van Alstyne* v. *Wemple*, 5 Cow., 162; Comyn on Con., 47; *Crawford* v. *Millspaugh*, 13 J. R., 87; *Suydam* v. *Jones*, 10 Wend., 184; *McKnight* v. *Dunlap*, 5 N. Y., 537; *Allaire* v. *Whitney*, 1 Hill, 484; *Bennett* v. *Irwin*, 3 J. R., 359 ; *Lord* v. *Freeland*, 13 Abb. Pr., 195: 24 How. Pr., 316.)

*Guernsey Sackett*, for respondents. The lease having been canceled and annulled by plaintiffs before this action was commenced it cannot be maintained. (*Fullager* v. *Reville*, 3 Hun, 600; *Beach* v. *Endress*, 51 Barb., 570; *Utley* v. *Healey*, 1 Cow., 345; *Licey* v. *Licey*, 7 Barr., 253; Poth. Obl., n. 608–609; Shep. Touchstone, 70; 2 Parsons' Contracts, 501; *Hinsdale* v. *White*, 6 Hill, 507; Dwar, 690, 696.) The agreement being executed at the time it was made no seal was necessary. (*Allen* v. *Jaquish*, 21 Wend., 628; *Jenks* v. *Robertson*, 58 N. Y. R., 621; *Townsend* v. *Empire Stone Dressing Co.*, 6 Duer, 208; *Beach* v. *Endress, supra; Kent* v. *Reynolds*, 8 Hun, 559; *Babcock* v. *Hawkins,*

32 Vt., 561; 2 Parsons' Contracts, 682–686; *Dearborn* v. *Cross*, 7 Cowen, 48; Judge Robinson's Opinion Case, fol. 50; *Ried* v. *Bartlett*, 19 Pick., 273; *Therasson* v. *Peterson*, 2 Keyes, 636.)

Miller, J. The taxes and repairs for which the plaintiffs claim to recover, accrued by virtue of a lease under seal, for the term of ten years from the 1st day of May, 1871, under which the lessees took possession and occupied the demised premises. On the 29th day of March, 1875, the lessors, by an instrument in writing executed by their agent, declared that the lease above mentioned was "canceled and surrendered as of the 1st day of April, 1875." Under this instrument, possession of the premises was taken by the lessors, and they subsequently paid for taxes and for repairs which, according to the lease, the lessees were liable to pay. The question now presented is whether the plaintiffs are entitled to recover the sums of money thus paid. The terms employed in the instrument referred to, cannot I think be regarded as entirely annulling the lease so as to prevent its taking effect in reference to that which is therein excepted, or as a release of all claims for any cause of action which existed prior to April 1, 1875. It expressly provided that it should take effect as of the first day of April following its date, and hence it indicates clearly that it was intended that all existing rights of the parties up to that period of time should be reserved and should not be affected thereby. The cancellation and surrender was not absolute but qualified and restricted by its terms, and the correct interpretation of the language employed is, that prior to the time named the covenants and conditions of the lease should remain in force. The taxes which remained unpaid as well as other obligations of the lessees were not affected thereby and as to these the liability of the defendants remained the same as if no such instrument had been executed. I am unable to see why a cancellation or surrender of a lease cannot be restricted so as to limit its operation and to except there-

from such rights as may be provided for.   If an action had been brought prior to the first of April for any liability which had then been incurred it would I think be no defense that the lease was canceled and surrendered.   Nor can it make any difference because the action is brought after the time mentioned has expired.   The canceling and annulling of a lease when terminated by proceedings under the statute in reference to the removal of a tenant for the non-payment of rent, does not discharge or relieve the lessee from rent already accrued on the payment of taxes and assessments charged upon the premises prior to such proceedings.

The liability of the defendants incurred prior to the execution of the instrument still continued and an action for a breach of any covenant already broken could be maintained. The cancellation related to the future and not to the past. (*Johnson* v. *Oppenheim,* 55 N. Y., 280, and authorities cited at p. 294.)

The effect of proceedings to remove a tenant for non-payment of rent is the same as if the lease had been voluntarily canceled and given up.   (*Rogers* v. *Lynds,* 14 Wend., 172.) The statute (2 R. S., 532, § 43) expressly provides that the contract for the use of the premises and the relation of landlord and tenant " shall be deemed annulled and canceled." The word " canceled " is the same which is employed in the statute and it is susceptible of the same interpretation   The agreement that the lease was " canceled and surrendered as of the 1st of April, 1875," did not mean that it was annihilated and destroyed absolutely but that it continued in force as to all obligations which existed at the time named.   It was a reservation of any liability which had been incurred prior to that time, and not a discharge of the same   Otherwise the time mentioned would be of no account and the right of the parties to restrict and limit the time when the cancellation was to take effect cannot be questioned. Even if we assume that the contract was executed it does not affect, impair or destroy rights which are expressly reserved and excepted.   They stand and exist the same as if

no contract had been made for the unanswerable reason that the terms of the agreement so provided.

The authorities cited to sustain the position that the lease was annulled and canceled before the commencement of the action have no application where as in this case rights are reserved and provision is made limiting the time when the contract is to go into effect. In the cases relied upon to sustain this doctrine there was no limitation or restriction as to the time and hence they are clearly distinguishable from the case at bar. The release in these cases was absolute and without any qualification whatever. (*Fullager* v. *Reville*, 3 Hun, 600; *Beach* v. *Endress*, 51 Barb., 570; *Utley* v. *Healey*, 1 Cow., 345.)

We think it is entirely obvious that there was no release or discharge of the plaintiffs' rights prior to the 1st of April, 1875, and the defendants were liable for any breach or violation of the covenants and conditions of the lease which accrued prior to that time.

It is a serious question whether a lease for ten years under seal can be canceled and surrendered by an instrument not under seal. Certainly if such an agreement is effective in any way, it must be in all respects and with all the qualifications and restrictions with which it is accompanied.

It is not necessary however to determine the question last considered as for the reasons stated the judgment must be reversed and a new trial granted, with costs to abide the event.

All concur, except RAPALLO, J., not voting.

Judgment reversed.