Bischoff, J.
The contention between the parties to this appeal is as to the legal effect of the facts appearing on the trial, which were undisputed, and are, briefly-stated, as follows:
Plaintiff and defendants entered into a lease under their hands and seals, whereby plaintiff let and rented, and the defendants accepted, the premises, 231 West Thirty-eighth street, in the city of New York, for the term of three years, from October 1, 1890, to October 1, 1893, at the yearly rent or- sum of $2,500, to be paid in equal monthly installments in advance. Beside the payment of the rent and Croton water charges, and the surrender of the premises upon the expiration of the term in as good state and condition as reasonable use and wear thereof would permit, the defendants covenanted “that if the said premises, or any part thereof, shall become vacant during the said term, the said party of the first part, plaintiff, or her representative, may re-enter the same, either by force or otherwise, without being liable to any prosecution therefor, and re-let the said premises as the agent of the parties of the second part, defendants, and receive the rent thereof, applying the same, first to the payment of such expenses as she may be put to in re-entering, and then to the payment of rent due by these presents, and the balance, if any, to be paid over to the said party of the second part, who shall remain liable for any deficiency,” and further, “ to pay to the party of the first part the sum of $208.33 on the fourth day of October, 1890, as additional security for the performance of ” the covenants of the lessees, “ and not as rent.”
Defendant took possession under this lease and con tinued in possession until some time in January, 1891, when for default in the payment of the rent, which had *16 accrued o'n January i, 1891, plaintiff instituted summary proceedings to recover possession of the premises,- under the statute for such cases made and provided. These proceedings were not contested, and on January 22, 1891, resulted in a final order awarding such possession to the plaintiff, whose representative, however, at once informed defendant that she did not intend to take possession, nor would she accept it, and that it was not her intention to avail herself of the warrant issuable under the final order awarded, but that she would continue to hold the defendant for all 'future accruing rent. Defendant, notwithstanding this notice, and anticipating the execution of a warrant for the delivery of possession, vacated the premises and offered the keys to plaintiff’s agent, who refused to accept the same. On January 13, 1891, plaintiff brought this action to recover the sum agreed to be paid by defendant as security, and before the trial of this action, and subsequent to the final order in the summary proceedings, defendant paid all the rent in arrears.
Plaintiff, however, contended that notice of her refusal to take or accept possession of the premises and to avail herself of the final order in the summary proceedings operated to defeat defendant’s right of voluntarily complying with its provisions by removal, and that the lease was, therefore, still subsisting; also, that, though it be conceded" that defendant’s abandonment of the premises subsequent to the final order in the summary proceedings did have the effect of cancelling the lease and terminating the relation of landlord and tenant, she was, nevertheless, entitled to recover and hold the sum demanded as security for the payment of any deficiency in the rent reserved which might remain upon her entry and re-letting of the premises for defendant’s account, pursuant to their covenant to that effect. This last contention was acceded to by the trial justice-, as appears from his opinion accom- • panying the record, and plaintiff was awarded judgment, for the sum claimed.
*17 The validity of these contentions is disputed by the' appellant, and they present the only questions for our consideration.
‘ This court has held in Gallagher v. Reilly (16 Daly, 227) and Ash v. Purnell (16 Daly, 189), that a tenant, against whom summary proceedings to recover possession of the demised premises are instituted, may, at any time after the service of the precept upon him, voluntarily comply with its requirements and anticipate the final order in favor of the landlord and execution of the warrant for.delivering of possession to him, by removing from the premises, and that if he does so such removal will as; effectually cancel the lease and end the relation of landlord and tenant as though the warrant had been actually issued as provided in section 2253 °f thé Code of Civil Procedure. We entertain no doubt of the accuracy of these decisions and reiterate the principles upon which they proceeded. Nor do we countenance the proposition that a landlord may prosecute such summary proceedings, to a finality, and at'the same time neutralize their effect by notice to the tenant that he will not avail himself of the rights and remedies therein secured. The landlord,, having effectually declared his intention to claim and recover possession by a solemn invocation of the aid of the courts for that purpose, the tenant should be permitted to elect whether-he will voluntarily submit to the landlord’s claim or abide by his notice that he will not enforce the order awarding possession to him. Nothing short of a withdrawal of the proceedings, however, and notice of it to the tenant before the latter has complied with the precept by removal, should be permitted to have the effect of giving continuity to the lease and the relation of the parties thereto. If the tenant has removed upon receipt of the precept, and before withdrawal of the proceedings and notice of such withdrawal to him, the lease and the relation of the parties as landlord and tenant can be renewed or continued only by means of a new agreement.. *18 A contrary view would require that the tenant be subjected to a tenure even more precarious than that of a tenant at will. The latter is removable only upon a previous notice ■of at least thirty days, while the former would be in constant jeopardy of ejectment without as much as a moment’s notice.
Out conclusion is, therefore, that the pendency of the summary proceedings instituted by the plaintiff, the recovery of the final order therein awarding possession to the plaintiff and the abandonment of the premises by the defendant, notwithstanding plaintiff’s notice that she would not enforce the order nor cause the warrant for the delivery of possession to be issued thereunder, cancelled the lease and terminated the relation of the parties as landlord and tenant, and that, except as to past breaches and in so far as it was expressly agreed that liability thereon should survive its cancellation, each party to the lease was from that time discharged from the further performance of the covenants and conditions on his part (Roe v. Conway, 74 N. Y. 201 ; Johnson v. Oppenheim, 55 Id. 281; Hackett v. Richards, 13 Id. 138 ; Hall v. Gould, 13 Id. 137).
For the non-payment, therefore, of the sum which the defendant had agreed to deposit as security for the performance of their covenants they continued liable, if any of those covenants survived the cancellation of the lease or the termination of defendant’s leasehold estate ; and this was so with respect to the covenant authorizing plaintiff to enter and re-let for defendant’s account if there be a vacancy “ during the term ” (Hackett v. Richards and Hall v. Gould, supra). Counsel for the defendant insists that as the premises did not become vacant until after the termination of their leasehold estate by means of summary proceedings to recover possession, there never was a vacancy “ during the term,” and, hence, that plaintiff never obtained authority to re-let the premises for the defendant and cannot for that reason charge them with *19 any deficiency in the rent received and accruing subsequent to such termination.
This, however, we believe to imply too narrow an interpretation of what is meant by “term” as applied to a lease. In its more comprehensive sense, the “ term ’ includes not only the actual duration of the leasehold estate, but also the period for which that estate is granted. “ The term does not merely signify the time specified in the lease, it means that, and more; it means the time in the lease, and the interest conveyed by the lease, and the estate vested in the lessee by the possession” (Wood’s Landlord and Tenant, § 65, 103). “The term of a lease is the period granted to the tenant for occupancy, and does not include the time previous thereto, though it includes the estate of the tenant in the land during such period ” (Gear’s Law of Landlord and Tenant, § 23). A term signifies not only the limitations of time or period granted to the lessee for the occupation of the premises, but it includes also the estate and interest in the land that pass during such period ” (Taylor s Landlord and Tenant, § 16). “ The term is that period which is granted for the lessee or tenant to occupy and have possession of the premises. It is the estate or interest which he has in the land itself by virtue of the lease from the time it vests in possession ” Young v. Drake, 5 N. Y. 463, 467; see also Evans v. Vaughan, 6 D. and R., Kings Bench, 349; s. c., 4 B. and C., King's Bench, 261.
As it appears that the period for which the lease was granted had not expired at the time of the termination of the defendant’s leasehold estate by means of the summary proceedings to recover possession, we are constrained to hold-, under the above definition of the “ term ” of a lease, that a vacancy contemplated by the parties did occur, and that the. defendants are liable for any deficiency in the rent covenanted to be paid by them remaining after the application of the rent received from a re-letting of the premises by the plaintiff for their account, for which the *20 plaintiff is entitled to retain the sum agreed to be deposited as security, and that judgment therefor in her favor was rightfully awarded.
The judgment appealed from should be affirmed with costs.
Booicstaver, J., concurred.
Note on the -Use of the Word "Term” in Conveyancing and the Effect of Recission. . .
Few ambiguities in leases and other continuing contracts are more common than that which results from the use of the word “term,” or “termination,” or “ expiration,” or similar phrases where a clause allows the termination of the agreement before the expiration of the period. The short rule for avoiding this difficulty is, in drawing or settling the terms of a continuing contract, to consider whether a recission would put an end to the contract entirely, or would leave any rights dependent on the continuing force of any covenant or stipulation or on the originally contemplated time for its continuance.
Where the parties unqualifiedly cancel by consent, and surrender or destroy the instrument, all rights under it to performance of any stipulation are gone. Chemung R. Co. v. Erie R. Co., 13 Weekly Dig. 166. Otherwise of a written cancellation, Roe v. Conway, 74 N. Y. 201. What has been done is not thereby Lundone. Battle v. Rochester City Bk. 3 N. Y. 88; (refusal to allow recovery of an indebtedness which had been satisfied by indorsing it as a payment on the contract). Baruso v. Madan, 2 Johns. 145.
In that last case the contract provided that in case of a breach it should be void ipso facto, but added that the party in default should pay all damages caused thereby. The court held that a written notice declaring the contract to be void for default, did not render it completely void so as to waive even the clause as to damages.
The suggestion of the court that no notice was necessary, may be contrasted with the ruling in Born v. Schrenkheisen, 110 N. Y., 55, where it was held that as it is the general rule that when a written instrument provides that it shall become void in case of default by one party to perform some covenant therein contained, it becomes void only upon the claim and at the option of the party for whose benefit the covenant was inserted and who is injured by the default.
In Miller v. Levi, 44 N. Y. 489, it was held that a provision that *21 the lessor may terminate the lease at the end of any year by giving sixty days’ previous notice, in case he should sell or desire to rebuild, is not a condition, but a limitation ; and the term expires sixty days after a sale and notice, without entry or any further act of the lessor.
In Finkelmeier v. Bates, 92 N. Y. 172, which turned on the ambiguity of the words “ expiration of the term,” the distinction between the actual duration of the estate created by a lease as the result may prove, and the nominal period of time prescribed by the terms of the lease for the continuance of that estate in case there is no breach, is fully discussed.
In Muller v. Earle, 35 Super, Ct. (J. & S.) 461, forfeiture of the right of the lessee to remove buildings at the expiration of the term, by reason of non-payment of taxes, was held to be confined to a termination of the lease by the effluxion of time and not by operation of law, as by the taking of the property for a public use.
In N. Y. Elev. R. Co. v. Manhattan Elev. R. Co., 63 How. Pr. 14, the lease was expressed to be for the term of 999 years . . . or so long as it [the lessee company] shall continue to exist as a corporation and be capable of exercising all the functions herein stipulated on its behalf.—Held, that receivership did not terminate the lease.