■ NEW YORK UNIVERSITY, Appellant-Respondent, v WESTCHESTER CANDLELIGHT CORPORATION, Respondent-Appellant.—Judgment, Supreme Court, New York County, entered September 8, 1977, insofar as appealed from, awarding the plaintiff recovery on the July 15, 1975 installment payment but denying plaintiff recovery on the July 15, 1976 installment payment, modified, on the law, by vacating the portion thereof as denied recovery on the July 15, 1976 installment payment, by granting judgment to plaintiff on the July 15, 1976 installment payment in the sum of $15,000, with interest from July 1, 1976 and, as modified, otherwise affirmed, with $60 costs and disbursements of this appeal to plaintiff. The plaintiff, New York University, entered into a written lease with the defendant, Westchester Candlelight Corporation, on July 15, 1969. The term of the lease commenced July 1, 1969 and was to terminate September 30, 1979. Pursuant to paragraph 42 of the lease, the defendant was required to make certain alterations for the proposed restaurant. Under paragraph 42, the plaintiff was to advance to

the defendant an amount equal to three fourths of the first $200,000 of the alteration costs or a maximum of $150,000. The plaintiff advanced the sum of $150,000 for the alteration work which was to be repaid in 10 equal installments on July 15 of the succeeding years. As of August 23, 1974, defendant had repaid $60,000 of this amount with a balance of $90,000 remaining. On August 23, 1974, plaintiff assigned the subject lease to Washmews Corp. Under the second numbered condition to the assignment, plaintiff reserved its right to collect the remaining $90,000 as the payments became due. On July 31, 1975, defendant surrendered the subject lease to Mews Associates, the then landlord, without reference to any obligation to repay the plaintiff. To the extent here relevant, plaintiff brought this action to recover the installments of $15,000 due for July 15, 1975 and July 15, 1976. The trial court only permitted recovery on the earlier installment. On appeal, both parties challenge that determination. As a general rule, a surrender relates to the future rather than the past. Hence, the defendant was not relieved of its liability to pay the July 15, 1975 installment which occurred prior to the surrender. (*Roe v Conway,* 74 NY 201; 34 NY Jur, Landlord and Tenant, § 402; Rasch, New York Landlord and Tenant [2d ed], § 889.) Since the plaintiff had reserved in the assignment its right to collect future installments, it was entitled to collect that earlier installment payment vis-à-vis its assignee. (*Bennett v Austin,* 81 NY 308, 320.) The defendant also maintains that the surrender of July 31, 1975 terminated all future obligations on its part to the plaintiff. First of all, the plaintiff's assignee did not have the power to accept the surrender of the entire lease and all obligations due thereunder. As was previously mentioned, the assignment specifically excluded the assignee's right to collect and retain future installment payments. Secondly, the defendant, was aware of the assignment and was thus bound to inquire as to the terms thereof before entering into the surrender or to suffer the consequences for its lack of inquiry. There is no indication in the record that the defendant was unaware of the reservation as to future installments made in the assignment. Therefore, the surrender did not effectively deprive the plaintiff of its right to collect the July 15, 1976 installment. (See, generally, 34 NY Jur, Landlord and Tenant, § 403.) The defendant's argument based upon paragraph 45 of the lease is without merit. That paragraph gave the plaintiff the unilateral right to terminate the lease if the demised premises were to be used for university purposes other than a restaurant operation. The surrender executed by the assignee and the defendant was a bilateral accommodation between the parties with no relationship to paragraph 45. Concur—Murphy, P. J., Birns, Silverman and Markewich, JJ.; Evans, J., dissents in part and would affirm on the opinion of Fein, J., at Trial Term.