## Ladue *vs.* Van Vechten and others.

Whenever an action may be properly commenced and may be maintained, without joining as a party him who offers his co-defendant as a witness, it *seems* that the testimony of a co-defendant should be received, provided it tends to establish a full defence to the action, as between the plaintiff and the other defendant. *Per* Sill, J.

The competency of a defendant, as a witness for his co-defendant, is to be determined by the relations to each in which they have placed themselves, by their contract, and not by those relations as parties to the action, which have been involuntarily imposed upon them by the act of the plaintiff.

When parties to a contract may be sued *severally*, and in such actions the defendants are competent witnesses for each other, they are not disqualified by being all joined as defendants in one action on the same contract. Mullett, J. dissented.

Ladue *v.* Van Vechten.

THIS action was brought to recover the amount of a joint and *several* promissory note made by the defendants. On the trial before the referee, one defendant offered the other as a witness. The plaintiff's counsel objected that in an action on such a note one defendant was not a competent witness for his co-defendant. The referee sustained this objection and excluded the witness. The defendants excepted, and appealed.

*W. Woodbury*, for the appellants.

*B. F. Green*, for the respondent.

SILL, J. The question here involved was presented and decided by this court, in Nov. last, at the Erie general term, in the unreported case of *Blodget et al.* v. *Morris et al.* That action was upon a joint and *several* promissory note made by the three defendants, one being the principal debtor and the other two his sureties. On the trial, the defendant who was the principal debtor was offered as a witness for his co-defendants, and excluded. Upon a careful examination of the question, then, I came to the conclusion that he was improperly excluded, and in this opinion Judge Hoyt concurred. Judge Mullett, however, dissented. I regard the decision as a correct interpretation of the statute which controls the case under consideration, and think it should be followed in the present case. I do not therefore propose to treat it now as a new question, but as the case referred to is not reported, I intend to restate here the grounds upon which that decision was made, or substantially to transcribe the opinion then written.

The 397th section of the code declares that a party may be examined as a witness on behalf of his co-plaintiff or co-defendant, but the examination thus taken shall not be used on behalf of the party examined. The first part of this section is broad enough to cover this case, and there does not appear to be any limit to its operation except that implied from the qualification, that the testimony of a party shall not be used in his own favor. To give effect to this latter clause of the section, it necessarily

Ladue *v.* Van Vechten.

follows that a defendant can not be admitted as a witness, in a case at law, where a several judgment could not be entered against the party called upon to testify. Unless a several judgment may be proper, the testimony of one defendant can not be made available to others, without being used also for himself. But in cases in which such judgment is proper, it is not perceived why § 397 is not applicable.

It was said on the argument that this section was designed merely to declare the pre-existing rule, which allowed a defendant, in cases of equitable cognizance, to use the testimony of a co-defendant, upon questions litigated between the plaintiff and the defendant offering such testimony, and in which the party offered as a witness had no interest. Such does not seem to me to be the design of this provision of the code. That it was not its sole object to declare the rule already in use in chancery, is evident from the provision that a co-plaintiff as well as a co-defendant may be used as a witness, which was not the practice before, even in equity. As I understand the law, its object was to provide for introducing a person as a witness, when there was no reason against it except the technical one that he was a party to the record.

If these impressions are correct, the question comes to this; if there is proof on the trial which constitutes a defence for one defendant but not for the other, can judgment in this case be entered in favor of the plaintiff against the latter, and against the plaintiff in favor of the former?

By § 274, judgment may be entered for or against one or more *several* defendants. By an amendment of this section in 1849, it is provided that a judgment may be rendered against one or more of *several* defendants, leaving the action to proceed against others, whenever a *several judgment* may be proper. From this amendment it is evident that there were cases in the contemplation of the legislature, in which a judgment for one defendant and against another would not be proper. Under the code, as at common law, parties who are united in interest, must be joined as plaintiffs or defendants in the action, (§ 119,) and a misjoinder of such parties is cause of demurrer if it appear on

Ladue *v.* Van Vechten.

the face of the complaint, (§ 144, sub. 4,) and may be set up by answer if it does not.

That the code means to permit a *several* judgment, in cases where it will not permit a *several* suit to be instituted and prosecuted, will not be contended. It seems that the common law rule, as to uniting joint debtors as defendants, and the proceeding against them to judgment, remains substantially unchanged. Hence they can not be called as witnesses for each other, for the reason before stated, that the testimony of one can not be used for his co-debtors without being used also for himself. I am not speaking of cases where defendants are charged as jointly liable in the complaint, and the plaintiff fails to prove a joint liability, or the defendant disprove a joint interest in the matter of the litigation. Where a misjoinder is thus established it is not necessary to say that the defendants can not testify for each other. I speak of actions in which a joint liability, if any, is established.

The question then recurs, can a judgment be properly entered in this case (the proof justifying it) in favor of one defendant and against the other? The 136th section of the code answers this question. If the action be against several persons *jointly indebted,* and one only be served with the summons, the plaintiff proceeds in the same manner as before the code was adopted. (*Sub.* 1. *See also* § 335.) If the action be against defendants *severally liable,* the plaintiff may proceed against the defendants served with the summons, in the same manner as if they alone were the defendants in the action. (*Subd.* 2.) " If all the defendants have been served, judgment may be taken against any or either of them *severally,* when the plaintiff would be entitled to judgment against such defendant or defendants, *if the action had been against them or any of them alone."* (*Sub.* 3.) The present is a case within the 3d subdivision of § 136. The action is on a joint and several promissory note, an instrument upon which the defendants are severally liable, and the proof justifying it, a judgment may be rendered for one defendant against the plaintiff, and in his favor against the other. It is a case therefore in which the testimony of one defendant may be made available to a co-defendant, and yet not be used in favor

Ladue *v.* Van Vechten.

of the defendant called as a witness. It is not within the restriction, which alone qualifies the comprehensive language of § 397.

Whenever the action may be properly commenced, and may be maintained without making him a party who offers his co-defendant as a witness, it seems that the testimony of a co-defendant should be received, provided it tends to establish a full defence to the action as between the plaintiff and the other defendant. The competency of a defendant as a witness for his co-defendant is to be determined by the relations to each other in which they have placed themselves by their contract, and not by those relations, as parties to the action, which have been involuntarily imposed upon them by the act of the plaintiff. In short, when they may be sued *severally*, and in such actions, the defendants are competent witnesses for each other, they are not disqualified by being all united as defendants in one action on the same contract.

The referee erred, the judgment must be reversed, and a new trial ordered.

MARVIN, J. concurred in the result of the above opinion.

MULLETT, J. dissented.

Judgment reversed, and new trial granted.