SUPREME COURT.

CRANDALL agt. BEACH AND JOHN DOE.

Where an action is brought against two persons as partners under a particular firm name, for services rendered the firm, the summons which is served on one of the defendants only, who answers denying the several allegations in the complaint, and the plaintiff proceeds in the action against both de-fendants under the statute, it is not sufficient to entitle the plaintiff to a verdict against both to prove that the services were rendered for the firm, and that the defendant, who has answered, was a member of it; but it must also be proved, as against that defendant, that the other defendant was also a member of the firm.

A verdict against the defendant served only, could not properly be rendered upon proof of the services for the firm, and that he was a member.

If the name of the other member is not known, and a fictitious name is used to represent him, it must be shown who the copartner was, by some descrip-tion; also that his name was not known to the plaintiff, and that the name used is fictitious.

It is not allowable to a plaintiff to use a fictitious name at his discretion; but only when he is ignorant of the true name.

*Cayuga Special Term, July* 1852. · *Motion on the part of the defendant Beach, for a new trial on exceptions.* The cause was tried before Mr. Justice HARRIS, at the Monroe circuit, in April last. The facts are sufficiently stated in the opinion of the court.

W. ALLEN, *for Defendant Beach.*

H. E. WHITE, *for Plaintiff.*

T. R. STRONG, Justice.—This action was brought upon an alleged partnership liability of the defendants to the plaintiff, for services rendered and property sold and delivered. The de-fendant Beach alone answered, and he denied the several alle-gations in the complaint. In opening the cause at the trial, the counsel for the plaintiff stated that the work was done for a mercantile firm doing business under the name of William Beach & Co., of which the defendant Beach was a member; that he did not expect to show that John Doe was a partner in the firm, or who the other partner was; and that the name, John Doe, was fictitious, the plaintiff not knowing who was the other mem-

Crandall agt. Beach.

ber of the firm, The evidence given showed that the plaintiff had labored as a mill-wright in a mill, the business of which was carried on by William Beach & Co., and that the defendant Beach was a partner; but there was no proof as to who was his copartner, or whether the plaintiff had or had not any knowledge on that subject. A motion for a nonsuit was made on the part of defendant, upon the ground that no partnership or joint liability of the defendants had been proved as averred, which was overruled, and a verdict was directed in favor of the plaintiff; which was accordingly rendered, exceptions being duly taken.

I am of opinion that the motion for a nonsuit should have been granted. Prior to the Code it was well settled that in an action against two or more defendants as partners, or otherwise, jointly indebted, a joint contract must be proved, and the plaintiff must recover against all the defendants, or fail as to all, except in cases where a defence which was personal to one or more of the defendants, as infancy or the like, was interposed (Robertson vs. Smith, 18 *Johns.* 459, and cases cited). The rule was applicable to cases where part of the defendants only are served with the process or declaration, and the plaintiff proceeded with the action under the statute, as well as to cases where all were served; but in the former, it was only necessary to make proof of joint liability as against the defendants brought into court; as to them it was required that the proof of the joint indebtedness should. be as strong as if all the defendants had appeared and defended (Whitney vs. Sterling, 14 *Johns.* 215; Halliday vs. McDougal, 22 *Wend.* 264; Van Eps vs. Dilloye, 6 *Barb.* 244; Eddy vs. O'Hara, 14 *Wend.* 221). The Code has not, in my judgment, changed this rule in cases like the present (§ 136, 274). Here the verdict was against both defendants, but it could not be sustained if it was against Beach alone. No several liability of the defendant Beach, is alleged or proved; and, therefore, a proper case is not presented for a verdict and judgment against him severally (Merrifield agt. Corley, 4 *How. Pr. R.* 272; Murray agt. Gifford, 5 *id.* 14; Fullerton agt. Taylor, 6 *id.* 259; La Farge v. Chilson, 3 *Sand. R.* 752; Ladue v. Van Vechten, 8 *Barb.* 664). It was necessary for the plaintiff to establish a cause of action, so far as Beach was concerned, against both defendants,

to entitle him to the verdict; and it was incumbent upon him to prove, in addition to what was proved by him, who was the copartner of Beach, either by name—or other description assuming that John Doe is a fictitious name—that the plaintiff was ignorant of the name of the copartner, and that John Doe was a fictitious name, used to represent him. It is not allowable to a plaintiff to use a fictitious name at his discretion, but only when he is ignorant of the true name (*Code*, § 175).

The verdict must be set aside and a new trial granted; costs to abide the event.