## YATES COUNTY COURT.

WILLIAM PERKINS, *respondent*, agt. JAMES W. RICHMOND and GEORGE BARDEN, *appellants*.

The 136th section of the Code is not made applicable to justices' courts. So *held*, in an action upon a promissory note, signed by one defendant as principal, and the other two as sureties, and process served upon all, and all appeared and answered, and proof of the execution of the note by the sureties only, when plaintiff rested. The justice thereupon, on motion of the other defendant, nonsuited the plaintiff, as to him, and he was discharged.

The old rule is still applicable to these courts, that in an action against several defendants upon a joint and several contract, if the plaintiff elect to bring his

---

Perkins agt. Richmond.

---

action against all the defendants, he must recover against all or fail as to all, except where the defence may be personal to any of the defendants.

THIS action was brought against the defendants to recover upon a promissory note, of which the following is a copy:

"Benton, January 1st, 1855.

"$51.    One year from date, for value received, I promised to pay William Perkins, or bearer, fifty-one dollars, with use.

     ("Signed)      "THOMAS SNYDER,

         "JAMES W. RICHMOND,

               "Security.

         "GEORGE BARDEN,

               "Security."

The process was served upon all the defendants, and all appeared and answered.

Upon the trial, the plaintiff proved the signatures of the defendants, Richmond and Barden, the amount due upon the note, and then rested.

The defendant, Snyder, then asked that the plaintiff be nonsuited as to him; which motion was granted, and as the return states, he was discharged.

The justice then rendered judgment against the defendants, Richmond and Barden, for the amount due upon the note and costs, and they now bring appeal to this court.

     A. V. HARPENDING, *for appellants.*
     DANIEL MORRIS, *for respondent.*

BRIGGS, County Judge. Various questions are raised by the notice of appeal in this case, only one of which I shall examine. Had the justice authority or power to discharge the defendant, Snyder?

Prior to the adoption of the Code, the rule was well settled that in an action against several defendants upon a joint and several contract, if the plaintiff elected to bring his action against all the defendants, he must recover against all, or fail as to all; and so in actions against several defendants jointly

indebted, a joint contract must be proved, or fail as to all, except in cases where a defence personal to one or more of the defendants, such as infancy, bankruptcy, and the like, was interposed. (7 *How. Pr. Rep.* 272 ; 18 *John.* 459.)

This rule was uniform, and applied to justices' courts as well as courts of record, and so remained until the Code was adopted, and the question now recurs as to whether, so far as justices' courts are concerned, it has been changed or modified by its adoption ? This I regard the real question in this case, and it can only be determined by an examination and construction of its provisions. The 8th section provides and declares that " this act (the Code) is divided into two parts. The first relates to the courts of justices and their jurisdiction."

" The second relates to civil actions commenced in the courts of this state, after the first day of July, 1848, except when otherwise provided therein, and is distributed into fifteen titles. The first four relate to actions in all the courts of the state; and the others, to actions in the supreme court, in the county courts, in the superior court of the city of New-York, in the court of common pleas for the city and county of New-York, in the mayors' courts of cities, and in the recorders' courts of cities, and to appeals to the court of appeals, to the supreme court, to the county courts, and to the superior court of the city of New-York."

While this section is declaratory in form, it is one of limitation and restriction also. It declares that the first four titles of part second relate to actions in *all* the courts of this state ; and the other titles of the same part relate to the courts therein specifically designated, and to no others ; and justices' courts not being one of the courts thus mentioned, the well settled rule of construction will exclude them from the operation, or application of the remaining titles, unless those titles, or some parts or portions of them, are made applicable, by subsequent sections.

On examination of title six, of part first, relating to courts of justices of the peace, it will be found that the changes are not so radical as those respecting courts of record. Indeed,

the codifiers, in a note, reporting this title, observe that it was " intended to make such alterations only, in the justices' courts' acts, as are rendered necessary by dispensing with the forms of action, by abolishing actions upon judgments, and by introducing a new system of pleading."

It was not the intention of the legislature, I apprehend, to abrogate the old system, nor change the rules of law applicable to these tribunals, but only to change and modify, so far as necessary to correct defects which time and experience had developed, and make them, in their jurisdiction and manner of proceeding, harmonious with the new system.

I think it quite clear, that the provisions of the Revised Statutes respecting these courts, and the rules of law by which parties and their rights are governed and determined, are still in full force and effect, except so far as these have been changed or modified by the provisions of the Code.

The provision respecting " joint and several debtors" (§136) has changed the entire rule upon this subject, and undoubtedly this section fully warrants the judgment rendered in this case, if it is applicable to these courts.

These provisions are found in title five, of part two, which, together with the remaining titles of part second, are by section 8, as before stated, declared to relate to actions in the supreme court, and other courts of record.

But it is claimed that, by the 15th subdivision of section 64, which enacts that " the provisions of this act (the Code), respecting forms of actions, parties to actions, the rules of evidence, the time of commencing actions, and the service of process upon corporations, shall apply to these courts," the section respecting "joint and several debtors " (§ 136) is made applicable to these tribunals.

Had the legislature made the general provisions of the act applicable, so far as they are consistent or necessary to their jurisdiction, then no question could well arise as to the application of this section. This, however, they have not done, but have specifically designated particular parts thereof, and in terms have made them applicable, thereby and to my mind

necessarily excluding all the other parts or portions not embraced within the terms of this subdivision.

This conclusion is supported by a further reference to the act itself. By such reference we shall find each particular subject specified in subdivision 15 of section 64, treated upon in other portions of the Code, under proper headings, exactly corresponding to those so specified, and these are all embraced in the first four titles of part second, except that part which makes the rules of evidence applicable, which is found in title five.

It is quite evident to my mind that the subject matter of title five has reference to actions in courts of record, and as it is not in terms made applicable to inferior courts, as whole, or any part of it, we are necessarily brought to the conclusion that the 136th section can have no application to justices' courts.

In *Webster* agt. *Hopkins* (11 *Howard*, 140), the court held that the provisions of the Code, in respect to amendments, by adding or striking out the names of parties, and the correction of mistakes, &c., found in title six, are not applicable to these courts. In this case, which was an action against two defendants, the justice allowed the plaintiff, after his proof had closed, to amend his complaint by complaining against one of the defendants and discontinuing as against the other defendant, which motion was granted by the justice, and judgment was subsequently rendered against one defendant and in favor of the other.

The general term of the 6th district, MASON, Justice, upon this point says : " Before the Code, no court had power to amend the process or the pleadings in an action against two or more defendants on a joint contract, by striking out the name of a defendant and rendering a judgment against one and in favor of the other, save in one or two exceptional cases, where a defence strictly personal, as infancy, &c., was allowed to prevail." The Code, he says, " has altered the entire rule upon that subject, but the sections which give that power to

the courts are confined to actions pending in courts of record, and have no application to justices' courts."

Again, he says, the utmost extent to which the general provisions of the Code, in reference to actions and the parties thereto, have been made applicable to proceedings in justices' courts, will be found in the 15th subdivision of the 64th section (before cited). "These (he says further) all point to specific provisions in the Code on those particular subjects, and necessarily exclude from the action of these tribunals those sections where the power of granting amendments is alone derived." Although not entirely in point, yet in principle, this case is the same.

The same reasoning which will exclude the application of the 173d section, will also exclude the 136th section. Neither of these sections are in terms embraced in subdivision 15, of the 64th section, and therefore are not applicable, and this I understand to be the reasoning of Judge Mason. True, he says they are not adapted to these courts, &c., yet he does say that the utmost extent to which the general provisions of the Code are made applicable, are made so by virtue of the last named section.

It is said, however, that such a construction will exclude from application to these courts the provisions of the Code respecting the examination of parties as witnesses (§ 397), and will adopt one rule of evidence for these tribunals, and another for courts of record. Will such a result follow? The language of the 64th section cannot be misunderstood. It plainly and explicitly declares that " the rules of evidence " as contained in the act shall be applicable. It is true that the provisions respecting the rules of evidence are found in title twelve of part two, and not in either of the first four titles of the same part, but this affords no valid reason for the exclusion of these provisions, inasmuch as they are made applicable specifically, by virtue of the 1st subdivision of the 64th section before referred to. By such a construction, then, the rule of evidence applicable to courts of record is the same in justices'

Perkins agt. Richmond.

courts, so far as their jurisdiction, constitution and mode of proceeding are identical or similar.

Again; it is claimed by the counsel for the respondent, that inasmuch as the provisions allowing and authorizing an appeal to this court (§ 366) provide that " upon appeal the county court may affirm or reverse the judgment in whole or in part, and as to any or all the parties," such a construction will in effect allow this court to do upon appeal what the justices' court cannot do.

Under the old rule in actions against several defendants in tort, the justice may render judgment against such of the defendants as are proved liable, and discharge those against whom no cause of action is made out; and in actions upon contract against several defendants, when one or more of them establish a defence purely personal, the justice is authorized to render judgment against such as are liable and in favor of those who establish such a defence. This is so even upon a joint liability.

Full effect, then, may be given to this provision in this class of cases; and it may frequently become necessary to exercise the power thus conferred.

Regarding this question as one of considerable interest, not only to the parties, but to proceedings in justices' courts, I have given it such examination as my other varied duties would allow, and whether or not the result of such examination is in accordance with the law of this case, can only be determined by an appellate tribunal fully competent to examine and decide.

My own conviction is clear, that the 136th section of the Code is not applicable to justices' courts, and consequently the judgment in this case is without authority, and should, therefore, be reversed.