# NEW YORK COMMON PLEAS.

## WILLIAM L. GARDNER agt. MR. KRAFT.

### *Fictitious name.*

A plaintiff is not allowed to use a fictitious name for the defendant at his discretion, but only when he is ignorant of the true name.

If the name of the defendant be unknown he may be sued by a fictitious name; but if a fictitious name is adopted in the summons or in the complaint (if one accompany the summons), there must be a distinct allegation to the effect that the name so used is by reason of ignorance of the defendant's true name.

A person sued as Mr. Kraft, in the district court, did not appear, and judgment was recovered by default, which was assumed to have been made a judgment of the common pleas, by the filing of a transcript with the county clerk. On application for an order in supplementary proceedings on the judgment,

*Held*, that the judgment was void, and not one upon which any final process could lawfully be issued against the property or person of the person so served.

*Special Term, February,* 1877.

*James K. Averill,* for plaintiff.

ROBINSON, *J.* — Application is made by the plaintiff for an an order in supplementary proceedings against Mr. Kraft, on a judgment recovered by him in the district court of the third judicial district of this city against some male person whose surname is " Kraft," assumed to have been made a judgment of this court by the filing of a transcript with the county clerk. So far as appears from the affidavit presented, and as is conceded by plaintiff's counsel, the person sued as Mr. Kraft did not

appear and judgment was recorded by default. I am of the opinion the judgment was void; and is not one upon which any final process could lawfully be issued against the property or person of the person so served. The rule of the common law well establishes the principle that any proceeding in a court against a party defendant must be instituted against him as well in his true surname as in his christian name. If sued by an erroneous name in either respect, he is not bound to appear; and if he omits to do so the judgment cannot be enforced against him (*Cole* agt. *Hindson*, 6 *T. R.*, 243; *Shadgett* agt. *Clipson*, 8 *East.*, 238; *Wilks* agt. *Lock*, 2 *Taunt*, 400; *Scandover* agt. *Warne*, 2 *Camp.*, 270; *Morgan* agt. *Bridges*, 1 *Barn. & Ald.*, 647; *Crawford* agt. *Snatch*, 2 *Strange*, 1218; *Walter* agt. *M'Connell*, 13 *Ad. & Ell.*, 903; *Kelly* agt. *Lawrence*, 3 *Hurl. & Colt.*, 1; *Griswold* agt. *Sedgwick*, 6 *Cow.*, 456; *Hoffman* agt. *Fish*, 18 *Abb.*, 76; *Farnham* agt. *Hildreth*, 32 *Barb.*, 277; *Frank* agt. *Levic*, 5 *Rob.*, 520; *Moulton* agt. *De McCarthy*, 6 *id.*, 470). To relieve the difficulty of obtaining the true name of the defendants, if unknown, section 175 of the Code, as well as the twelfth section of the district court act, laws of 1857, chapter 344, provide that, if the name of the defendant be unknown, he may be sued by a fictitious name. But the deviation from the common-law rule, thus allowed, must be strictly pursued; and if a fictitious name is adopted in the summons or in the complaint, if one accompany the summons, there must be a distinct allegation to the effect that the name so sued is by reason of ignorance of the defendant's true name (*Crandall* agt. *Beach*, 7 *How. Pr.*, 271). Section 173 of the Code gives courts of record full power before or after judgment, or on the trial, in furtherance of justice, to correct such a mistake in the name of the party; but this section is not found adopted by the district court act without the limitation indicated in *Crandall* agt. *Beach* (*supra*), and the correction as to the name of a party as thus allowed, the beneficial purposes of sections 173 and 175 would be without efficacy

and supererogatory, since, otherwise, full license would be given without reason, existing or assigned, for a person being sued and execution had against him or his property in any other name than his own.

This court, at general term, in *McCabe* agt. *Doe* (2 *E. D. Smith*, 64), held that a judgment of the marine court (then a justice's court) against " John Doe," owner of the steamship " Sarah Sands," was void as against William C. Thompson, the person served with process, because his name was not inserted by any amendment in the proceedings, although he appeared and was held to have a right of appeal.

For these reasons I hold the judgment void, and no such proceedings can be had upon it as asked for. Application denied.