Ash v. Purnell et al.

(Common Pleas of New York City and County, General Term.   June 2, 1890.)

1. Landlord and Tenant—Summary Proceedings—Fictitious Names.
    Under Code Civil Proc. N. Y. § 2235, requiring the petition in summary proceedings to "intelligibly" designate the person or persons against whom the proceeding is instituted, and to specify who are principals or tenants, and who are undertenants or assigns, the term, "John Doe and Richard Roe, under-tenants," is sufficient, though the petition does not aver that the names were fictitious, and used in ignorance of the true names, where the fact that the names were fictitious is stated in the precept, and there is no pretense that the parties interested did not know for whom the precept was intended.

2. Same—Warrant—When Issued.
    A warrant in summary proceedings is issued when made out by the justice, and by him delivered to the clerk, ready for use.

3. Same—Removal of Tenant.
    Where the tenant moves out in compliance with the command of the precept in summary proceedings, before the return-day, or after final order, the relation of landlord and tenant is terminated, without the issuing of the warrant; Code Civil Proc. N. Y. § 2253, providing that "the issuing of a warrant for the removal of a tenant from demised premises cancels the agreement for the use of the premises," applying to cases where the tenant does not move out.

Appeal from eleventh district court.

Action by Mangus Ash against James E. Purnell and others.   On trial in the district court there was judgment dismissing the complaint, and plaintiff appeals.

Argued before Larremore, C. J., and Bookstaver, J.

Alexander & Ash, for appellant.   Marbury & Fox, for respondents.

Bookstaver, J.   This action was brought by the plaintiff to recover rent for the months of November and December, 1889, of two rooms in the building No. 61 West Fourteenth street in this city.   The entire premises were under lease to the firm of Anderson & Blatt, who sublet a portion to the plaintiff, and of his part the plaintiff sublet the two rooms in question to the defendants.   Anderson & Blatt were in arrear for rent, and for this reason, on the 12th of October, 1889, the landlord commenced summary proceedings in the sixth district court against them, and their under-tenants, to recover possession of the entire premises.   The precept was issued on that day, and made returnable on the 15th of October, 1889.   A copy of this was served on Anderson & Blatt personally, and another copy was affixed in a conspicuous place on the premises of the plaintiff and defendants, and another copy was handed to the defendant Purnell personally.   Both the plaintiff and the defendants in the petition and precept were described as "John Doe and Richard Roe, under-tenants," whose true Christian names were unknown to the landlord.   Upon the return-day, no cause being shown, the justice made his final order, awarding to the landlord the delivery of possession of the premises; and on the same day the justice signed a warrant directed to the sheriff, or to any constable or marshal of the city of New York, describing the property, and commanding the officer to remove the tenants and under-tenants from the premises, and to put the landlord in the full possession thereof, which was on the same day delivered to the clerk of the sixth district court, where it has ever since remained.   On the trial it was admitted that the plaintiff was the subtenant of Anderson & Blatt, and it was proved that the defendants were subtenants of the former.   It was not claimed that the defendants had occupied the premises for any part of November and December, 1889, to receive the rent for which months this action was brought.   They had moved out some time in the month of October.

The defendants introduced in evidence under plaintiff's objection the summary proceedings above set forth, and claimed that by reason thereof the relation of landlord and tenant, as between the parties to this action, was an-

nulled, the lease canceled, and the plaintiff could not recover.   The justice so decided, and dismissed the complaint.   The plaintiff. claimed that, as neither of the parties to this action were made parties to the proceedings, they were not bound by them, and that the justice had no jurisdiction to issue any warrant for their removal, and the lease was not canceled.   This contention is based on the fact that in the landlord's petition the names of Alexander & Blatt were inserted as tenants, but the parties to this action were designated as "John Doe and Richard Roe, under-tenants," and it was not averred they were fictitious names used in ignorance of the true names.   This court has held that such averment must be made in actions, (*Gardner* v. *Kroft*, 52 How. Pr. 499,) and it doubtless should be done in all proceedings where fictitious names are used in ignorance of true names, or there will be danger of rendering the proceeding void.   But the Code, § 2235, regulating the contents of the applicant's petition for a precept, only requires the "naming, or otherwise intelligibly designating, the person or persons against whom the special proceeding is instituted, and, if there are two or more such persons, and some are under-tenants or assigns, specifying who are principals or tenants and who are under-tenants or assigns."   This provision does not require any name to be used in the petition; it is sufficient if the persons against whom the proceeding is instituted are intelligibly designated therein; and, under the circumstances of the case, we think the phrase, "John Doe and Richard Roe, under-tenants," used in the petition, was a sufficient compliance with the statute as to the parties to this action.   The fact that the names John Doe and Richard Roe were fictitious, was stated in the precept; and there is no claim that any one was misled by not stating that fact in the petition.   There is no pretense that the parties interested did not know for whom the precept was intended.   Indeed, the defendants who were designated as. "Richard Roe, under-tenants," moved out of the premises in consequence of the proceedings founded on this petition.   We therefore think the justice obtained jurisdiction of the parties to this action.   The case of *Croft* v. *King*, 8 Daly, 265, is not in conflict with this opinion, as in that case the under-tenant was neither named nor designated in the proceedings.

The question, then, remains whether the relation of landlord and tenant, as between the plaintiff and defendants, was annulled, and the lease canceled, by the summary proceedings.   In *Boehm* v. *Rich*, 13 Daly, 62, this court held that where the landlord sues out a precept commanding the tenant forthwith to remove from the premises, or show cause before the justice at a time fixed in the precept why the premises should not be delivered up to the landlord, and the tenant complies with the precept, and removes as he is commanded to do, it is a surrender and acceptance of the premises, and that no rent can become due thereafter on the lease.   And we think this clearly right, for the further continuation of the proceeding by the landlord is unnecessary, as he gets just what he asked for and brought proceedings to compel.   In *Brown* v. *Mayor*, 66 N. Y. 385, (at page 391,) the court of appeals, in speaking of summary proceedings, said:  "If the person proceeded against obeys the summons, and removes from the premises before the return-day, he can appear on that day and show the fact of his removal, and then no warrant can be issued. * * * If he does not appear at all he admits the allegations contained in the affidavit, and the magistrate is bound to render judgment, and issue his warrant against the tenant and other persons in possession or claiming possession."   In case the tenant moves out, in compliance with the command of the precept, before the return-day, the tenancy is terminated by the act of the parties, although no warrant can issue at any time.   So, too, after final order, which we think is in effect a judgment, and the only one which can be rendered in such case, it may be satisfied by a voluntary compliance with its requirements on the part of the tenant, just as effectively as if the warrant had been issued, and in fact it is his duty to go out without waiting to be dispos-

sessed under the warrant. In both cases the lease is terminated or canceled without issuing the warrant. In *Gallagher* v. *Reilly*, 10 N. Y. Supp. 536, which will be announced at this general term, the learned chief judge, by an entirely independent investigation, has arrived at the same conclusion. If the lease between the landlord and principal tenant is terminated or canceled in either of these two ways, there is no foundation on which the right of the subtenants to remain in possession can rest; they would at any time be subject to removal by the landlord on taking proper proceedings for that purpose.

But it may be asked what, then, is the meaning of section 2253 of the Code, which says: "The issuing of the warrant for the removal of a tenant from the demised premises cancels the agreement for the use of the premises, * * * and annuls, accordingly, the relation of landlord and tenant?" The answer is obvious. The section is meant to apply to cases where the tenant does not move out. In such case the issuing of the warrant cancels the agreement and annuls the relation of landlord and tenant. But it was not intended to restrict the cancellation of a lease to that one method. In this case neither the tenants nor subtenants went out before the return-day of the precept, nor did they appear before the justice on that day. He was then "bound to render judgment, and issue his warrant." The former of these he did by indorsing the final order on the papers. and on the same day he signed the warrant, and delivered it to the clerk of his court, who was its proper custodian until called for. With this act the justice's jurisdiction over the proceeding terminated. After the expiration of the time limited by law to do this he had no further power over it, and could not even amend the final order or the warrant. *Carpenter* v. *Willett*, 6 Bosw. 25; affirmed, 1 Abb. Dec. 312. It was no part of his duty to deliver the warrant to the officer who was to execute it. He had done his whole official duty when he delivered the final order and warrant to the clerk; and he became incapacitated the next moment. Any officer authorized to execute such warrants could have done so. We think, therefore, that the warrant had been issued within the meaning of Code, §§ 2251, 2253, and consequently defendants' lease was canceled, and the decision of the justice dismissing the complaint was right.

The plaintiff's counsel, in his argument, does not distinguish between a judicial and a merely ministerial act. Of the latter class is the issuing of an execution, an attachment, a summons, and the like, in which case the process is not issued until delivered to the proper officer for execution; to the former belong the issuing of a bench-warrant by a magistrate, the issuing of a citation by a surrogate, etc., and the issuing of a warrant in summary proceedings, in which case the paper is issued when delivered to the clerk ready for use. The contention that the issuing of a warrant only cancels the lease between the landlord and his immediate tenant, and does not affect leases between subtenants, is in the teeth of the warrant provided for in section 2251 of the Code, for that says it shall command the officer "to remove all persons" from the premises, which, if done, would most effectually terminate any lease between subtenants. As before shown, it is the tenant's duty not to wait for this, but to go out voluntarily, which defendants did in this case. Had the defendants remained in possession of the premises leased by them for any part of the months to recover the rent of which this action was brought, they would have been liable to pay rent for the time they stayed. The judgment should therefore be affirmed, with costs.