(19 Misc. Rep. 603.)

## NEWCOMBE v. EAGLETON.

(Supreme Court, Appellate Term, First Department. March 25, 1897.)

LANDLORD AND TENANT—SURETY ON LEASE—SUMMARY PROCEEDING.

The surety of a tenant is not released by the fact that a warranty of dispossession was issued in summary proceedings, where both the tenant and the surety had appeared in court, and a stay had been granted to enable the tenant to pay the rent, which was done within the time of the stay, with the knowledge of the surety.

Appeal from city court of New York, general term.

Action by Ida H. Newcombe against Thomas Eagleton for rent due under a lease of premises Nos. 702 and 704 Washington street. The rent claimed was a balance of $100, due for August, 1895, and $400, due for September, 1895. The defense pleaded was that the tenant had been dispossessed by the landlord in May, 1895, by war rant duly issued from the Third district court, under which the plaintiff took possession of the premises. From an affirmance of a judgment in favor of plaintiff (42 N. Y. Supp. 1129), defendant ap peals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Emanuel J. Myers and Foley & Early, for appellant.

William H. Hamilton and Booraem, Hamilton, Beckett & Ran som, for respondent.

DALY, P. J. It appears from the record that proceedings had been commenced in the Third district court by the plaintiff, as landlord, to dispossess his tenant, Flannery, for nonpayment of rent which fell due in May, 1895, under the lease upon which the defendant was surety for said tenant. The parties appeared in court on the day when the precept was returnable, May 28th. The tenant and his surety were both there. The tenant asked for a week in which to pay, and the justice granted a stay until May 31st. Thereupon the parties left the court room. The next day—the 29th—the landlord received from the tenant a check for $400, and the defendant, his surety, was notified of the fact. The tenant remained

in possession thereafter, paying rent for June, July, and August. It is claimed by the defendant that his obligation as surety was terminated by the fact that on the 31st of May the justice of the district court signed a warrant to dispossess the tenant, and delivered it to the clerk of the court. It was shown that the landlord did not apply for the warrant, and it appears to have been signed and delivered by the justice to the clerk of the court on the 31st of May, when the stay he had granted expired. As the proceedings before the justice were stayed on the 28th of May upon the promise of the tenant to pay the rent, and for the purpose of enabling him to do so, the acceptance of the rent by the landlord before the termination of the stay operated as a discontinuance of the proceedings, and left the justice without jurisdiction to issue a warrant. The surety was a party to this arrangement, and is, of course, bound by it. He consented to the stay of proceedings, and the arrangement for the payment by the tenant. Neither the lease nor his agreement as surety was affected, therefore, by the proceedings to dispossess. They were terminated before the issuing of the warrant, which alone could put an end to the lease. The appellant in this case relies upon Ash v. Purnell (Com. Pl.) 11 N. Y. Supp. 54, which holds that a warrant is issued when made out by the justice, and by him delivered to the clerk ready for use, and upon the provision of the Code of Civil Procedure (section 3253), providing that the issuing of a warrant for the removal of the tenant from the demised premises cancels the agreement for the use of the premises. In the case cited it appeared that the warrant was signed and issued in due course of the proceedings to dispossess, and that in anticipation of it the tenant removed from the premises. The case has no bearing upon the point in controversy here, the point there decided being that where a tenant, against whom proceedings to dispossess have been instituted, removes from the premises before the issuance of the warrant, by such removal, and the subsequent issuance of the warrant, the lease is terminated. This is so where, even before the making of a final order, and the landlord has merely sued out a precept to show cause, the tenant removes. No rent can become due on the lease after such removal, since it operates as a surrender and an acceptance of the premises, the landlord having got what he asked for and brought proceedings to compel. Baldwin v. Thibadeau (Com. Pl.) 17 N. Y. Supp. 532. The awarding by the justice of a final order or judgment on the 28th of May, with a stay until the 31st, did not terminate the lease so long as judgment was unexecuted, and the tenant remained in possession. Powers v. Carpenter, 15 Wkly. Dig. 155. The justice left it to the jury to determine upon the evidence whether, as claimed by plaintiff, the defendant and the plaintiff's agent agreed that the rent would be paid on May 29th, and that such payment would end the proceedings. It does not appear from the record that the appellant objected to the submission of this question to the jury. The defendant asked and obtained an instruction that the issuance of a warrant to dispossess relieves the surety from any further liability, but his request to charge that such liability is not and

cannot be renewed by an oral agreement was refused. There was no error in this refusal, since the plaintiff did not rely upon an agreement to renew the contract of surety. The plaintiff's claim was based upon the agreement for payment made before the contract of suretyship could have been terminated by the issuance of any warrant. The request, therefore, was upon a point not presented by the evidence.

Judgment appealed from affirmed, with costs. All concur.