HOFFERT v. DUTTON.

(Supreme Court, Appellate Term. December 22, 1911.)

1. ACCORD AND SATISFACTION (§ 11*)—WHAT CONSTITUTES.

A landlord received a check in a letter from the tenant, which stated that the check paid the rent up to February 15th, when the tenant moved out, "in full of all account, it being understood that there will be no further claim for rent at the apartment which I have been occupying to date." The landlord acknowledged receipt, but stated that he would hold the tenant for all rent accruing after February 15th. There was no dispute as to the amount of the rent when the check was received; the court having then adjudged that amount due and the tenant acquiesced

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

in its decision. *Held*, that the landlord's receipt of the check did not amount to an accord and satisfaction for all rent, or otherwise.

[Ed. Note.—For other cases, see Accord and Satisfaction, Cent. Dig. §§ 75–83; Dec. Dig. § 11.*]

2. LANDLORD AND TENANT (§ 198*)—RENT—RIGHT OF ACTION—REMOVAL BY SUMMARY PROCEEDINGS—EFFECT.

Under Code Civ. Proc. § 2253, providing that the issuing of a warrant for the removal of a tenant from demised premises cancels the lease, the removal of the tenant by a final order of removal terminated the lease, though, apparently for the tenant's convenience, no warrant was issued before the tenant had removed, and he on the same day paid rent then due; so that the landlord could not afterwards sue for rent under the lease.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 763; Dec. Dig. § 198.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Martha E. Hoffert against Ira J. Dutton. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GIEGERICH, LEHMAN, and PENDLETON, JJ.

George P. Fall, for appellant.
H. B. Davis and H. S. Mansfield, for respondent.

LEHMAN, J. The plaintiff sues for rent alleged to be due on February 15, 1911, under a written lease of an apartment. It appeared at the trial that summary proceedings were begun by the plaintiff as landlord by petition dated January 31, 1911, alleging that the tenant had failed to pay the sum of $130 due to the landlord for two months rent of these premises from the 15th day of December, 1910, to the 15th day of February, 1911. The precept was issued and served on the tenant who appeared at the trial. The precept is indorsed as follows:

"The landlord appears on the 3rd day of February, 1911, and demands the rent or possession of the premises within mentioned for the non-payment of the rent. The tenant appears Feby. 7.—trial.

"Final order is therefore made the 7th day of February, 1911, in favor of said landlord awarding to said landlord the delivery of the premises within described by reason of the tenant's non payment of said rent together with costs.     "P. J. S., Justice et.

"Warrant issued 15th day of Feb., 1911."

On the 15th day of February the tenant moved from the apartment. After he moved out, he sent the landlord his check for $130, with a letter stating:

"I herewith inclose my check for $130 which is to pay the rent from the 15th day of December to the 15th day of February, 1911, in full of all account, it being understood that there will be no farther claim for rent at the apartment which I have been occupying up to date."

The plaintiff accepted this check in payment of rent to February 15th, but stated in a letter written February 17th that he would hold the tenant for all rent accruing after February 15th.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The tenant claimed at the trial that his removal on February 15th was in obedience to the final order made on February 7th, and that his removal, being under duress of this order, constituted a termination of the relationship of landlord and tenant, and that thereafter the landlord could not sue for rent, though under the terms of the lease he might have some right of action which survived the termination of these relations. He also claimed that the receipt of the check constitutes an accord and satisfaction. The trial justice ruled against both these contentions, and gave judgment for the plaintiff.

[1] There is no doubt in my mind that the receipt of the check did not constitute an accord and satisfaction. It does not appear that, when the check was sent, there was any dispute between the parties as to the amount due; on the contrary, it appears that the court had determined that this amount was due, and the defendant seems to have acquiesced in the court's decision.

[2] It seems to me, however, that the trial justice erred in holding that the relations of landlord and tenant still existed after the tenant's removal from the premises. It is provided by section 2253 of the Code of Civil Procedure that:

"The issuing of a warrant for the removal of a tenant from demised premises, cancels the agreement for the use of the premises, if any, under which the person removed held them. * * *"

In this case it is true, that, in spite of the indorsement on the precept, it does not clearly appear that any warrant was issued—certainly none was delivered to the landlord—and I think we are justified in holding that no warrant was issued. Nevertheless, if the tenant removed from the premises in obedience to the final order without requiring that process be served, his removal has termined the lease. In the case of Riglander v. Nile Tobacco Works, 21 Misc. Rep. 339, 47 N. Y. Supp. 188, this court held in an opinion by McAdam, J., that where a tenant removes from premises after final order, but before a warrant was issued, this terminates the lease. "The removal of the tenant under the duress of the judgment of final order is tantamount to the issuing of the warrant or his eviction thereunder. * * * Parties proceeded against in possessory actions concerning realty may in some instances avert the inevitable by recognizing and acting on existing conditions." The trial justice in giving judgment for the plaintiff did not overlook this case, but decided that the facts before him brought the case within the rule laid down in the case of Newcombe v. Eagleton, 19 Misc. Rep. 609, 44 N. Y. Supp. 401, decided by the same court and justices. In that case upon the return day the tenant asked for a week in which to pay, and the justice granted a stay until May 31st. The next day the landlord received a check, and notified the tenant's surety of that fact. The tenant remained in possession during June, July, and August. On May 31st the justice signed a warrant and delivered it to the clerk, but the landlord did not apply for the warrant. The surety who was a party to the arrangements claimed thereafter that the signing of the warrant and its delivery to the clerk terminated the lease, and released him of all obligations. The court, however, held that:

"As the proceedings before the justice were stayed on the 28th of May, upon the promise of the tenant to pay the rent, and for the purpose of enabling him to do so, the acceptance of the rent by the landlord before the termination of the stay operated as a discontinuance of the proceedings, and left the justice without jurisdiction to issue a warrant."

In the case before us, however, there is no proof that the justice stayed the issue of the warrant upon the tenant's promise to pay, nor can we assume that to be the fact. It only appears that for some reason—apparently for the convenience of the tenant—no warrant was to be issued, and none was issued before February 15th. On February 15th before the warrant was issued the tenant removed in obedience to the final order. The landlord had therefore received all he demanded under his petition, and the lease was terminated. If thereafter on the same day the tenant also paid the rent which was due, and which he was bound to pay whether he removed from the premises or not (Rainier v. Smith, 65 Misc. Rep. 560, 120 N. Y. Supp. 993), this fact could not prevent the removal under duress of the judgment from being given its legal effect.

Judgment should be reversed, and a new trial, ordered, with costs to appellant to abide the event. All concur.

