(93 Misc. Rep. 151)

### BUTLER v. STELLMAN et al.

(Supreme Court, Appellate Term, First Department. January 31, 1916.)

1. LANDLORD AND TENANT ⬥99—TERMINATION—DISPOSSESSION.

The landlord's summary proceedings for nonpayment of the rent for a certain month, resulting in the tenant's dispossession, terminated the relation of landlord and tenant.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 312; Dec. Dig. ⬥99.]

2. APPEAL AND ERROR ⬥1122—DISPOSITION OF CASE—FINDINGS—STATUTE.

Under Code Civ. Proc. § 1317, providing that on appeal from a judgment the Appellate Division of the Supreme Court, or the Appellate

Term, to which the appeal is taken, may modify a judgment appealed from and any interlocutory judgment which it is authorized to review, the Appellate Term, on holding that a landlord's summary proceedings resulting in the tenant's dispossession terminated the relation of landlord and tenant, would amend the trial court's finding that before a warrant in the summary proceeding issued the tenant vacated and defendant took possession under the terms of the lease, to read that by virtue of such proceeding the tenants were duly dispossessed from the premises, and make a conclusion of law to accord with the allegation of defendant's answer that by such proceeding the landlord terminated the relation and annulled the lease.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4420; Dec. Dig. ☞1122.]

3. LANDLORD AND TENANT ☞230—DISPOSSESSION—RENT—TIME.
Where dispossess proceedings in May, 1914, had terminated the lease, the landlord's action for rent, brought in September, 1914, was correctly amended to an action for rent solely for the month of May.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 904–925; Dec. Dig. ☞230.]

4. LANDLORD AND TENANT ☞217—COVENANT TO PAY RENT—ACTION FOR BREACH.
Where an action to recover rent for the months of May, June, July, and August was amended to an action for rent for the month of May only, in which the landlord obtained judgment, his subsequent action for rent for June to January, inclusive, although the recovery therein would be measured by the amount of rent for each succeeding month, was not an action for rent, nor an action under or upon the lease as a whole, but one strictly for damages for the tenants' breach of their covenant to pay rent, which by its terms expressly survived the termination of the lease.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 866–868; Dec. Dig. ☞217.]

5. JUDGMENT ☞585—COVENANT TO PAY RENT—ACTION FOR BREACH—RES JUDICATA.
The previous recovery for rent was not res judicata upon the suit for damages for the breach of covenant.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1062–1064, 1067, 1073, 1084, 1085, 1092–1095, 1132; Dec. Dig. ☞585.]

Appeal from City Court of New York, Trial Term.

Action by James Butler against Jacob Stellman and Moses Stellman, composing the firm known as Stellman & Co. From a judgment in favor of the plaintiff, after trial by a judge without a jury, defendants appeal. Affirmed.

Argued January term, 1916, before GUY, BIJUR, and GAVEGAN, JJ.

Samuel Markewich, of New York City, for appellants.
John H. Rogan, of New York City, for respondent.

BIJUR, J. This action is brought to recover from defendants rent for the months of June, 1914, to January, 1915, inclusive, at the rate for the first seven months of $75 a month and of the last month $80. The facts are undisputed.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Defendants were plaintiff's tenants under a long lease. May 26, 1914, the landlord brought summary proceedings for nonpayment of the May rent, due May 1st. The learned trial judge has found:

"But before a warrant therein was issued out of said Municipal Court, the defendants vacated said premises and the plaintiff took possession thereof under the terms of said indenture of lease."

[1] As I shall point out, the crucial question in this case is whether the lease was terminated by the dispossess proceedings. There is no conclusion of law to that effect, and from this finding of fact it would appear that the lease had not been terminated. We have, however, in the record before us, an admission by defendants' counsel that defendants by this summary proceeding "had been duly dispossessed from the premises in question," and that is repeated, expressly or impliedly, a number of times. It is therefore not even necessary to determine whether, by defendants' vacating the premises after the institution of the summary proceedings but before the warrant issued, the relation of landlord and tenant had not been terminated. I think it had been. Hoffert v. Dutton, 74 Misc. Rep. 433, 132 N. Y. Supp. 360.

[2] Under the circumstances, therefore, and upon the authority of section 1317 of the Code of Civil Procedure (see Bonnette v. Molloy, 209 N. Y. 167, 172, 102 N. E. 559), we must amend the third finding of fact to read that "by virtue of said proceedings the defendants were duly dispossessed from the premises in question," and we must make a conclusion of law to accord with the tenth allegation of defendants' answer:

"That by reason of the said proceedings the plaintiff terminated the relation of landlord and tenant theretofore existing between plaintiff and the defendants, and thereby canceled and annulled the lease."

To resume now the statement of facts. From May 26th on plaintiff endeavored to let the store to other tenants, but without avail. September 5, 1914, he brought an action against the defendants in the Municipal Court for rent for the months of May, June, July, and August, but at the trial amended the summons and complaint to ask only for the rent for the month of May, for which judgment was thereupon rendered in favor of plaintiff.

Defendants on the trial in the instant case amended their answer to plead substantially as their only defense the above recovery as res judicata as to the installments of rent due on the 1st days of June, July, August, and September, 1914, which, under the terms of the lease would have been $75 a month, a total of $300, by which amount appellant insists the present judgment should be reduced.

Respondent frankly concedes the correctness of defendants' contentions to the effect:

(a) "That several claims payable at different times, arising out of the same contract or transaction, must be included in one action"—on the authority of Kennedy v. City of N. Y., 196 N. Y. 19, 89 N. E. 360, 25 L. R. A. (N. S.) 847, and Lorillard v. Clyde, 122 N. Y. 41, 25 N. E. 292, 19 Am. St. Rep. 470.

Also that:

(b) "The test of the identity of actions is not the theory upon which the pleader adduces his evidence, nor the forum to which he presents it, but

whether the same evidence will support the two suits"—on the authority of Steinbach v. Insurance Co., 77 N. Y. 498, 33 Am. Rep. 655, and Stowell v. Chamberlain, 60 N. Y. 272.

[3] Respondent urges, however, and I agree in the correctness of his position, that these rules have no application to the case at bar. The dispossess proceedings of May, 1914, having terminated the lease, the landlord's action, brought in September, 1914, was correctly modified to be one for *rent* solely for the month of May.

[4] His present suit, although the recovery may be measured by the amount of the rent for each succeeding month, is not an action for rent, nor an action under or upon the lease as a whole, but one strictly for damages for defendants' breach of their separate covenant to pay rent, which, by the terms thereof, expressly survived the termination of the lease. Pannuto v. Foglia, 55 Misc. Rep. 244, 247, 105 N. Y. Supp. 495; Michaels v. Fishel, 169 N. Y. 381, 62 N. E. 425. See, also, Walsh v. N. Y. & Kentucky Co., 88 App. Div. 477, 85 N. Y. Supp. 83, and McCargo v. Jergens, 206 N. Y. 363, 99 N. E. 838.

[5] The previous recovery for rent, therefore, was not res judicata upon the present suit for damages for breach of covenant.

Judgment affirmed, with costs. All concur.