Maria Rooney, Appellant, *v.* Patrick Flynn,
Respondent.

(Supreme Court, Appellate Term, First Department, February,
1917.)

**Landlord and tenant — summary proceedings — when landlord entitled
to recover full amount of rent.**

> Where the rent of premises held under successive monthly
> hirings was payable in advance on the fifth day of each month
> the service of a precept for dispossession upon the tenant after
> August fifth and before August fifteenth when he vacated the
> premises made the issuance of a warrant unnecessary, and the
> landlord is entitled to recover the full amount of rent from
> August fifth to September fifth, though he immediately after the
> tenant had vacated the premises resumed possession thereof by
> exercising dominion over them.

Appeal by plaintiff from judgment of the Municipal
Court of the city of New York, borough of Manhattan,
sixth district, in favor of plaintiff for eight dollars, and
costs, after trial before the court without a jury.

Joseph V. Rooney, for appellant.

Nathan Finkelstein (Henry Pearlman, of counsel),
for respondent.

Mullan, J.   The defendant had been the plaintiff's
tenant for some years under successive monthly hir-
ings.   The rent was twenty-two dollars a month, pay-
able in advance on the fifth day of each month.   On
August fifteenth the defendant vacated.   Although no
papers in, or other proofs concerning, the summary
proceeding were offered in evidence, it appears from
the record, and it is conceded upon the briefs, that a

precept for dispossession was served upon the defendant sometime after August fifth and before he vacated on August fifteenth, and that the vacation made the issuance of a warrant unnecessary. The action is for the rent from August fifth to September fifth, and the learned trial justice gave judgment for the plaintiff for eight dollars, being the twenty-two dollars sued for less a set-off of fourteen dollars representing the rental value of the demised premises from August fifteenth to September fifth, it developing upon the trial that immediately after the vacation the plaintiff resumed possession by exercising dominion over the demised apartment. We think the court erred in allowing the set-off. As the rent for the month was payable in advance, there can be no offset because of the tenant's inability to occupy the premises during the full period for the rent of which he has become chargeable. Code Civ. Pro. § 2253; *Berg* v. *Kaiser,* 137 App. Div. 1; *Folger* v. *Raczek,* 167 id. 167. The rule is not otherwise for the mere reason that a warrant was not issued; it is sufficient if the tenant vacate after and because of the commencement of the dispossess proceeding. *Hoffert* v. *Dutton,* 74 Misc. Rep. 435; *Fifth Ave. Inv. & Imp. Co.* v. *Bounsignore R. Co.,* 75 Misc. Rep. 651.

Judgment modified by increasing the amount of the recovery to the sum of twenty-two dollars with interest from the 5th day of August, 1916, and appropriate costs in the court below, and, as so modified, affirmed, with fifteen dollars costs to appellant.

Guy, J., concurs. Bijur, J., concurs in result.

Judgment modified. and, as so modified, affirmed, with costs.