TILLIE TAUSZIG, Appellant, *v.* DAVID KANTOR, Respondent.

(Supreme Court, Appellate Term, First Department, December, 1920, Term — Filed May, 1921.)

Appeal — summary proceedings — order not appealable under Municipal Court Code, § 154.

Summary proceedings — when motion directing clerk of the court to deliver warrant denied — landlord and tenant — pending proceeding — statutes — Laws of 1920, chap. 942.

Under section 154 of the Municipal Court Code an order denying a landlord's motion for an order directing the clerk of the court to deliver the warrant in a summary proceeding, is not appealable.

Until the warrant in a summary proceeding is actually issued, the proceeding is pending within the meaning of chapter 942 of the Laws of 1920, even though a final order has been entered in the proceeding.

Where a tenant obtained the right to continue in possession of the premises after September 8, 1920, solely because of a stipulation made in a summary proceeding to leave the premises peaceably on September 30, 1920, the landlord consented to stay the execution of the final order and the court granted a stay until September 30, 1920, and the tenant, relying upon the provisions of chapter 942 of the Laws of 1920, in effect September 27, 1920, refuses to give up possession on the thirtieth, a motion for an order directing the clerk of the court to deliver to the landlord the warrant in the summary proceeding as of September 8, 1920, was properly denied, as until the warrant actually issued the summary proceedings are pending.

APPEAL by the landlord from an order of the Municipal Court of the city of New York, borough of Manhattan, eighth district, denying landlord's motion for an order directing the clerk to deliver a warrant.

Oppenheim & Helfant (Benjamin Oppenheim, of counsel), for respondent.

Gustavus A. Rogers, for appellant.

LEHMAN, J. The landlord initiated summary proceedings against the tenant on the ground that he was holding over after the expiration of his term. Upon the return day, April, 1920, the tenant appeared in person and asked for a three months' stay which was granted. The exact nature of the proceedings at that time does not appear in the record but it is undisputed that no final order was entered at that time and the tenant did not deposit the rent in court or pay the same to the landlord. On August 21, 1920, a final order against the tenant was signed, directing among other things, in the usual form, that a warrant issue. Thereupon the tenant moved upon an order to show cause for a further stay and the motion was heard on September 8, 1920. Upon the hearing of that motion the trial justice informed the tenant that no further stay could be granted to him but upon the urgent request of the tenant the trial justice asked the landlord whether she would consent, if the warrant were issued, " to stay physically putting the tenant out of possession until after the Jewish holidays, if the tenant would agree to peaceably and quietly give up possession of the premises on September 30th, 1920, without application for further stay or doing anything to resist the landlord from executing the warrant on October 1st, if the tenant failed to comply with the stipulation." The landlord replied that he

would agree that the warrant should issue, but that he should do nothing until September 30, 1920. The trial justice thereupon indorsed on the papers the words " Landlord consents to stay of warrant until September 30, 1920." It further appears that on the day prior to the hearing a warrant to dispossess the tenant was prepared upon the usual form but was not signed by the clerk of the court. On September 27, 1920, chapter 942 of the Laws of 1920 was enacted and became immediately effective and it was therein provided that in a pending proceeding for the recovery of real property in the city of New York, on the ground that the occupant holds over after the expiration of his term, a warrant shall not be issued unless the petitioner establishes to the satisfaction of the court that the proceeding is one mentioned in the exceptions enumerated in the statute. The tenant, relying upon the provisions of this statute, has refused to give up possession of the premises and the landlord thereupon obtained an order to show cause " why an order should not be made herein directing that the clerk of this court deliver to the landlord herein the warrant in these proceedings as and under the date of September 8th, 1920, and why the landlord should not have such other or further relief as to the court may seem proper." Upon the return date the tenant did not dispute any of the allegations of fact set forth in the moving papers and the court expressly found the facts to be as stated therein but denied the landlord's motion " because of the lack of power of the court to grant the order prayed for by reason of the enactment of chapters 942 to 953 of the Laws of 1920, passed September 27th, 1920." The landlord now appeals from the order denying her motion.

We are all agreed that the order is not an appealable order under section 154 of the Municipal Court Code

but I cannot agree with the suggestion of Mr. Justice Guy that the summary proceedings are not pending within the meaning of chapter 942 of the Laws of 1920, or that the clerk should or could deliver a warrant to the landlord. There can be no doubt but that the tenant has obtained the right to continue in possession of the premises after September eighth solely because, upon his stipulation to leave the premises peaceably on September thirtieth, the landlord consented to staying the execution of the final order and the court granted a stay upon the landlord's consent. It may be that in some cases the wilful failure of a party to comply with a stipulation which he entered into for the express purpose of securing a mandate of the court in his favor can be punished as a contempt of court and at the present time we need not express any opinion as to whether, in view of the enactment of the rent laws, the landlord in the present case would be entitled to such relief if he asked for it. The stipulation of the parties cannot, however, confer upon the court a jurisdiction which the legislature has taken away from the court and consequently in spite of this stipulation, the court cannot direct that a warrant shall be *issued* in any pending proceedings brought upon the ground that the tenant is holding over, unless the landlord establishes to the satisfaction of the court that the proceeding is one mentioned in the exceptions enumerated in chapter 942 of the Laws of 1920 and concededly she has not even sought to establish such facts.

It is urged, however, that under the stipulation it was intended that the warrant should issue on September 8th and that only its execution should be stayed and that the trial justice should now order the clerk to *deliver* the warrant as if issued on the date of the stipulation and if necessary, to amend the record

24

of the proceedings held on September eighth to effectuate the intent of the parties. It seems to me that that contention is without merit. A proceeding is pending within the meaning of the statute even though a final order has been entered, until the warrant is actually issued. If the trial justice did not stay the issuance of the warrant on September eighth, then the signing of the warrant was only a ministerial act on the part of the clerk which the trial justice has no authority to direct the clerk to perform. In the case of *People ex rel. Kilgallon* v. *Nuhn*, 92 Misc. Rep. 311; affd., without opinion, 173 App. Div. 895, the court said: "When the final order was made and delivered to the respondent (the clerk of the court), it was his duty thereupon to sign and issue the warrant unless he was stayed from so doing by some statutory provision or by an order of a court of competent jurisdiction. The warrant is issued when signed by the clerk of the Municipal Court and delivered for execution. *Ash* v. *Purnell*, 32 N. Y. St. Repr. 306. The warrant was not signed by the clerk until about October 29, 1915, on which day an order was made by the justice making the final order directing respondent to sign the warrant ' as filed and now in his office ' as of the date of said final order. The justice had no authority to make such an order; the performance by the clerk of his duty in that regard could be compelled by a writ of mandamus." Under the authority of that case it would appear that the landlord's remedy, if any, was by mandamus and not by motion made in the Municipal Court.

In the present case, however, the clerk properly refused to sign or deliver any warrant. The trial justice has the right to amend the record of the proceeding only in so far as that record is incorrect. If he intended to grant only a stay of the execution of

the warrant but to direct the clerk to *issue* the warrant immediately, it is quite probable that he would have power to amend the record in that respect but until such direction was complied with the warrant would still not have been issued and the proceeding would still be pending within the meaning of chapter 942 of the Laws of 1920. The issuance of the warrant is a distinct step in the proceedings. It is not the final order but only the issuing of the warrant which annuls the relation of landlord and tenant. Code Civ. Pro. § 2253; *Cornwell* v. *Sanford,* 222 N. Y. 248. The amendment of the record would at most have the effect of a direction to the clerk as of September eighth for the immediate issuance of the warrant but it would still be the fact that no warrant was signed by the clerk or delivered. A warrant is not issued until it is not only signed but actually delivered for execution. '' The clerk cannot execute it, and while in his hands it is subject to the control of the landlord, who may not want it executed. The words in section 2251, that ' the justice must thereupon issue his warrant,' etc. evidently mean that he must, if requested, issue the same.'' See 3 McAdam Landl. & Ten. (4th ed.) 140. It is true that in *Ash* v. *Purnell,* 11 N. Y. Supp. 54, it was held that the warrant was issued when the magistrate signs the warrant and delivers it to *the clerk* of his court and that case has been cited in *People ex rel. Kilgallon* v. *Nuhn, supra,* with approval but as shown above it is cited as authority for the rule that '' the warrant is issued when *signed by the clerk* of the Municipal Court and *delivered for execution.*'' Italics are mine. Even if the case of *Ash* v. *Purnell, supra,* established the rule that a warrant was issued when signed by the judge and delivered to the clerk though it remained in the possession of the clerk and was never delivered by him for execution, that

rule would still not apply to this case for it rests upon the proposition that the statute as it existed at that time placed the duty of signing and issuing the warrant on the judge and not the clerk and when the trial judge had *delivered* the warrant to the clerk for the purpose of having it executed, he had performed his full duty under the statute but under the Municipal Court Code, section 6, the clerk has the right to sign the warrant and the warrant cannot be said to be issued until the person signing it has *delivered* it over to some person authorized to receive it. In its final analysis, therefore, the landlord had the right on September eighth to the issuance of a warrant but because of the promise of the tenant to vacate quietly on September thirtieth, he did not demand that the warrant be issued until after that date. Until the warrant was issued the proceedings are pending and in a pending proceeding no final warrant can now issue.

Appeal should, therefore, be dismissed, without costs.

GUY, J. (concurring). On the hearing of September 8, 1920, the court refused the tenant's application for a further stay and directed the issuance of a warrant, and the clerk actually made out a warrant as of that date. After such direction, on the tenant's stipulation that the warrant should issue as of that date and that he would vacate the premises on September 30, 1920, the court indorsed on the papers: " Landlord consents to stay of warrant until September 30, 1920." Had there been no previous determination by the court refusing a stay and directing the issuance of a warrant, such indorsement would be construed to mean that the issuance of a warrant was stayed; but in the light of the actual decision and the direction that a warrant issue as of that date and the subse-

quent stipulation to the same effect, it must be con-
strued as meaning that merely the execution of the
warrant already directed to be issued was stayed.
The appending of the signature to the warrant was
a mere clerical omission, which under section 6, sub-
division 7, of the Municipal Court Code, the court
had power to correct at any time. For the purposes
of this proceeding, therefore, the warrant must be
deemed to have issued as of September 8, 1920, and
the proceeding was no longer a pending proceeding.
The statutory provision subsequently enacted against
the issuance of a warrant in pending proceedings is
not applicable. I am of the opinion, however, that the
order from which the appeal is taken is not an appeal-
able order, and that the landlord's remedy is by man-
damus. As a fraud has been practiced upon the
court and upon plaintiff by the tenant's refusal to
carry out the terms of his stipulation, the dismissal
should be without costs of appeal.

Appeal dismissed, without costs.